NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

CATALINA YACHTS, Respondent.

No. 81–7156.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 4, 1982.

Decided June 8, 1982.

Daniel R. Pollitt, Asst. U. S. Atty., Washington, D. C., for petitioner.

Thomas S. Kerrigan, McLaughlin & Irvin, Newport Beach, Cal., for respondent.

Before GOODWIN, and SCHROEDER, Circuit Judges, and SOLOMON *, District Judge.

PER CURIAM.

The National Labor Relations Board seeks enforcement of its order against Catalina Yachts. The Board found that Catalina Yachts violated Sections 8(a)(1) and (3) of the National Labor Relations Act, 29 U.S.C. § 158(a)(1) and (3), during an organizational drive by soliciting employee grievances, by promising and granting benefits to discourage union support, by seriously interrogating employees about their activities, and by discharging Santiago Cuellar for his union activities. The Board ordered Catalina Yachts to cease and desist from continuing the unfair labor practices and to reinstate Cuellar with compensation to cover any losses he suffered as a result of the discharge. The Board also ordered a new election. Catalina Yachts contests the Board's order.

The findings of the Board must be upheld if they are supported by substantial evidence on the record as a whole. *Universal Camera Corp. v. Labor Bd.*, 340 U.S. 474,

490, 71 S.Ct. 456, 465, 95 L.Ed. 456 (1951); *N.L.R.B. v. Fort Vancouver Plywood Co.*, 604 F.2d 596, 599 (9th Cir. 1979), *cert. denied*, 445 U.S. 915, 100 S.Ct. 1275, 63 L.Ed.2d 599 (1980); *N.L.R.B. v. Ayer Lar Sanitarium*, 436 F.2d 45, 48 (9th Cir. 1970).

There is no merit in Catalina Yacht's contention that the Board's findings were not based on substantial evidence. Many of the findings are supported by testimony of Catalina Yacht's witnesses. In other instances, the findings are based on credibility resolutions made by the administrative law judge. Catalina Yacht's argument relies on discredited testimony. Credibility findings of an administrative law judge will be overturned "only if a clear preponderance of the evidence convinces us that they are incorrect." *N.L.R.B. v. Western Clinical Laboratory, Inc.*, 571 F.2d 457 (9th Cir. 1978); *N.L.R.B. v. R.O. Pyle Roofing Co.*, 560 F.2d 1370, 1371–72 (9th Cir. 1977); *United Ass'n of Journeymen & A., Etc. v. N.L.R.B.*, 553 F.2d 1202, 1205 (9th Cir. 1977). Our review of the record indicates that there is ample evidence to support the Board's findings.

There is also no merit in Catalina Yacht's contention that the Board denied it due process during the hearing by admitting the recording and transcript of its counsel's speech. Joel Smith, an international representative of the United Auto Workers and an officer of Quad Con International, Inc. recorded the speech at a seminar given by one Fred Long in July 1976. Long invited Smith to attend. At this presentation, Long tells employers how to keep out unions and win anti-union campaigns. The general counsel called Smith to testify to the substance of Long's speech and to authenticate the tape and transcript.

Catalina argues that the Board admitted tapes and the transcript which were unlawfully obtained and irrelevant to the case. Catalina cites *Knoll Associates, Inc. v. F.T.C.*, 397 F.2d 530 (7th Cir. 1968), and

* The Honorable Gus J. Solomon, Senior District Judge, United States District Court for the District of Oregon, sitting by designation.

N.L.R.B. v. South Bay Daily Breeze, 415 F.2d 360 (9th Cir. 1969), cert. denied, 397 U.S. 915, 90 S.Ct. 919, 25 L.Ed.2d 96 (1970), for the position that exclusion was mandatory. Unlike Knoll, there is no close connection between the preparation of this case by the government and the "so-called" theft. The tape was properly admitted. In South Bay, the court clearly stated that the Fourth Amendment did not apply to the Board's proceedings.

Furthermore, the Board did not rely on this evidence alone in making its findings. There is abundant other evidence to support the Board's findings that Catalina Yachts violated the Act.

Catalina also complains that the administrative law judge erred in failing to force two NLRB agents to testify in response to Catalina's subpoena. The point is without merit on several counts, not the least of which is Catalina's failure to comply with 29 C.F.R. § 102.118(a)(1). Catalina has also failed to show how the testimony, if admissible, would have helped its case.

■ An employee named Mendez had given an affidavit to a Board investigator. The affidavit was discovered by Catalina during the hearing, and Catalina expressed a desire to have Mendez available for examination. Catalina claims that it asked for a continuance for the purpose of bringing in Mendez. The record shows no such request. The denial of a continuance cannot be raised upon appeal if the record fails to show a request. In any event, Catalina has failed to show how the absence of Mendez prejudiced the case.

■ Fed.R.App.P. 38 and 28 U.S.C. § 1912 permit the court to assess double costs and attorney's fees for frivolous appeals. Wood v. McEwen, 644 F.2d 797 (9th Cir. 1981), cert. denied, —— U.S. ——, 102 S.Ct. 1437, 71 L.Ed.2d 654 (1982). An appeal is frivolous when the result is obvious, Jaegar v. Canadian Bank of Commerce, California, 327 F.2d 743 (9th Cir. 1964), or the arguments are "wholly without merit," Libby, McNeill and Libby v. City National Bank, 592 F.2d 504, 515 (9th Cir. 1978), quoted in McConnell v. Critchlow, 661 F.2d 116, 118 (9th Cir. 1981).

■ Catalina Yacht's resistance to the Board's findings in this case is frivolous.[1] Catalina Yachts resisted enforcement as a delaying tactic. "Some penalty should attach to taking up our time with such a meritless contention." N.L.R.B. v. Smith & Wesson, 424 F.2d 1072, 1073 (1st Cir. 1970), quoted in N.L.R.B. v. Bedford Discounters, Inc., 484 F.2d 923 (1st Cir. 1973).

The petition of the Board is granted. The Board's order is enforced. Catalina Yachts is assessed double costs.

---

1. Although the Board rather than Catalina Yachts, petitioned this court, we can still assess costs to Catalina Yachts. Because Catalina Yachts refused to follow the Board's decision, the Board was forced to petition this court for enforcement of its decision. In N.L.R.B. v. Smith & Wesson, 424 F.2d at 1073, and N.L.R.B. v. Bedford Discounters, Inc., 484 F.2d at 923, the First Circuit assessed costs against the employer for "frivolous" resistance to a Board's decision.