Peter R. GATTUSO and Anita Lu Gattuso, Plaintiffs-Appellants,

v.

Dominic E. PECORELLA, Director Ogden Service Center, M. Hackney, Examiner, Internal Revenue Service, United States of America, Defendants-Appellees.

No. 83–2462.

United States Court of Appeals, Ninth Circuit.

Submitted May 18, 1984.

Decided May 22, 1984.

Peter R. Gattuso, Anita Lu Gattuso, pro se.

Glenn L. Archer, Asst. Atty. Gen., Michael L. Paup, Chief, Appellate Section, William S. Estabrook, John P. Griffin, Dept. of Justice, Washington, D.C., for defendants-appellees.

Before WRIGHT, HUG, and NELSON, Circuit Judges.

PER CURIAM.

Taxpayers sued the Internal Revenue Service and various officers seeking an "abatement of the finding" that they owed taxes for the years 1980, 1981, and 1982. They contend their wages are not "income" within the meaning of the Internal Revenue Code.

The government moved to dismiss on the grounds that the district court lacked jurisdiction and the taxpayers failed to state a claim upon which relief could be granted. The district court granted this motion.

The district court clearly lacked jurisdiction to "abate the findings" that taxpayers had taxable income for the years in question. The Declaratory Judgment Act, 28 U.S.C. §§ 2201–02, denies federal courts jurisdiction over declaratory actions "with respect to federal taxes . . . ." The Anti-Injunction Act, 26 U.S.C. § 7421(a), provides that "no suit for the purpose of restraining the assessment or collection of any tax

shall be maintained in any court by any person ...." Taxpayers' action clearly falls within these statutory prohibitions. They have not shown that any exception applies.

 Taxpayers' suit would fail as a refund action because it does not allege that they paid the full amount of the assessed tax liabilities for the years in question. *See Flora v. United States*, 362 U.S. 145, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960). Taxpayers' claim that their wages are not income is frivolous. *See United States v. Romero*, 640 F.2d 1014, 1016 (9th Cir.1981); *United States v. Buras*, 633 F.2d 1356, 1361 (9th Cir.1980); *Funk v. CIR*, 687 F.2d 264, 265 (8th Cir.1982) (and cases cited therein).

This appeal is frivolous because the result is obvious and the arguments of error are wholly without merit. *DeWitt v. Western Pacific R. Co.*, 719 F.2d 1448, 1451 (9th Cir.1983). We have discretion to award attorneys fees and double or single costs against litigants who prosecute frivolous appeals. *Id.;* Fed.R.App.P. 38; 28 U.S.C. § 1912. *See also United States v. Hart*, 701 F.2d 749, 750 (8th Cir.1983) (attorneys fees and double costs awarded to government against pro se litigant).

We choose to exercise this discretionary authority here. "Meritless appeals of this nature are becoming increasingly burdensome on the federal court system." *Edwards v. CIR*, 680 F.2d 1268, 1271 (9th Cir.1982). Taxpayers' arguments "constitute an imposition both on [the government] and on this court. 'Some penalty should attach to taking up our time with such a meritless contention.'" *Taylor v. Sentry Life Ins. Co.*, 729 F.2d 652, 656 (9th Cir.1984) (quoting *NLRB v. Catalina Yachts*, 679 F.2d 180, 182 (9th Cir.1982)) (citation omitted).

We affirm. Taxpayers are assessed double costs and reasonable attorney fees payable to the government. The appellees will file affidavits and other appropriate materi-

al with the clerk within 21 days. The fees will be fixed by a separate order. *See id.*

AFFIRMED.