891 F.2d 297
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Orian E. WRIGHT and Mary M. Wright, Petitioners/Appellants,
v
COMMISSIONER OF INTERNAL REVENUE, Respondent/Appellee.
 No. 88-7449.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 26, 1989.*
Decided Dec. 6, 1989.
 
 Before ALARCON, O'SCANNLAIN, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Orian Wright and Mary Wright appeal pro se from a judgment of the United States Tax Court on the pleadings and an award of damages under 26 U.S.C. § 6673. The Wrights set out multiple claims, alleging lack of constitutional and statutory authority for the Commissioner to issue notices of deficiency for their unreported wages. We affirm and impose sanctions.
 
 
 3
 We review decisions of the Tax Court on the same basis as decisions in civil bench trials in the United States District Courts. Mayors v. Commissioner, 785 F.2d 757, 759 (9th Cir.1986). A tax court's exercise of jurisdiction is reviewed de novo. Clapp v. Commissioner, 875 F.2d 1396, 1399 (9th Cir.1989). A tax court's conclusions of law are reviewed de novo. Kelley v. Commissioner, 877 F.2d 756, 757 (9th Cir.1989).
 
 
 4
 The Wrights claim that the tax court improperly granted judgment on the pleadings. Judgment on the pleadings is appropriate when a petition raises no genuine issue of material fact and there are no issues on which the respondent has the burden of proof. Abrams v. Commissioner, 82 T.C. 403, 408 (1984).
 
 
 5
 The Commissioner issued notices of deficiency for unreported wages and interest income received by Orian Wright and Mary Wright during 1980, in the amounts of $5,617.72 and $26,133.97, respectively; the Wright's W-2 forms verified these figures. The Commissioner's determination of a deficiency is presumptively correct. United States v. Janis, 428 U.S. 433, 440 (1976); Welch v. Helvering, 290 U.S. 111, 115 (1933). The Wrights did not challenge the Commissioner's allegations, but rather argued that their W-2 forms served as surrogate tax returns, that they properly entered "exempt" on their W-4 forms because no congressional authority exists to withhold tax from the wages of American laborers, that the Tax Court has no jurisdiction over employment tax, that arbitrary taxation of gross income is unconstitutional, and that the Commissioner failed to prove conclusively that the Wrights earned taxable income.
 
 
 6
 The Tax Court properly found that the W-2 forms were sufficient to show that the Wrights earned taxable income. As a general rule, the Tax Court "will not look behind a statutory notice [of deficiency] to examine the evidence used by the respondent in making his determination." Shriver v. Commissioner, 85 T.C. 1, 3 (1985). The Wrights' other arguments are either inapposite or have been rejected on numerous occasions. See, e.g., Gattuso v. Pecorella, 733 F.2d 709, 710 (9th Cir.1984); United States v. Romero, 640 F.2d 1014, 1016 (9th Cir.1981). Because the Wrights did not raise issues of fact in their petition, judgment on the pleadings was proper.
 
 
 7
 The Wrights also argue that the tax court's award of damages against them pursuant to § 6673 of the Internal Revenue Code was unwarranted. Section 6673 provides:
 
 
 8
 Whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay, [or] that the taxpayer's position in such proceeding is frivolous or groundless ... damages in an amount not in excess of $5000 shall be awarded to the United States by the tax court in its decision.
 
 
 9
 26 U.S.C.A. § 6673(a) (West Supp.1989). The Tax Court found that the Wrights' position was frivolous and groundless, and assessed damages of $4,000 against Mary Wright and $1,000 against Orian Wright. Because the Wrights' claims were without factual or legal basis, the Tax Court did not abuse its discretion in assessing a penalty. See Abrams v. Commissioner, 82 T.C. at 410-13 (awarding $5,000 in damages where taxpayer claimed his wages were not subject to tax). Moreover, once damages are imposed, they are presumptively correct; "[t]he taxpayer has the burden of proving his lack of negligence under 26 U.S.C. § 6673." Larsen v. Commissioner, 765 F.2d 939, 941 (9th Cir.1985).
 
 
 10
 The government asks for $1,500 damages in lieu of attorneys' fees and costs. This court finds taxpayer's arguments and appeal to be frivolous. Under Federal Rule of Appellate Procedure 38, this court has frequently imposed sanctions for frivolous appeals. See Larsen, 765 F.2d at 942; Gattuso, 733 F.2d at 710; Edwards v. Commissioner, 680 F.2d 1268, 1271 (9th Cir.1982). We award the Commissioner damages of $1,500 in lieu of attorneys' fees and costs.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument pursuant to Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3