892 F.2d 1045
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
DICK MOLL & SONS, INC., Plaintiff-Appellee,
v.
Theodore O'TOOLE, Defendant-Appellant,
and
National Bindery Repair, National Bindery Products, National
Bindery Products Company, Inc., Defendants.
 No. 87-6043.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1989.*
Decided Dec. 15, 1989.
 
 Before GOODWIN, Chief Judge, SCHROEDER and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In this action brought under the federal diversity jurisdiction, 28 U.S.C. § 1332, Theodore O'Toole ("O'Toole") appeals the district court's order denying his motion to vacate the default judgment entered against him after he failed to answer appellee's complaint. An order denying a motion for relief from a default judgment is a final, appealable order under 28 U.S.C. § 1291. See Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc., 840 F.2d 685, 687 (9th Cir.1988). We review the district court's order for abuse of discretion only. Id. at 690. We affirm.
 
 
 3
 For good cause shown, the court may set aside a judgment by default in accordance with Fed.R.Civ.P. 60(b). See Fed.R.Civ.P. 55(c). The district court, however, may deny a Rule 60(b) motion if: (1) Dick Moll will be prejudiced if the motion is granted, (2) O'Toole has no meritorious defense, or (3) O'Toole's culpable conduct led to the default. See Direct Mail, 840 F.2d at 690 (citing Pena v. Seguros la Comercial, S.A., 770 F.2d 811, 815 (9th Cir.1985)); Falk v. Allen, 739 F.2d 461, 463 (9th Cir.1984). We need not consider the first two factors because we find that O'Toole's culpable conduct was responsible for the entry of the default judgment in this case.
 
 
 4
 If a defendant "has received actual or constructive notice of the filing of the action and failed to answer," his conduct is culpable and a default judgment is proper. Direct Mail, 840 F.2d at 690 (quoting Meadows v. Dominican Republic, 817 F.2d 517, 521 (9th Cir.1987), cert. denied, 484 U.S. 976 (1988)). Here, the record discloses that O'Toole had actual notice of the summons and complaint against him. O'Toole simply failed to answer the complaint and the default judgment followed on February 26, 1987. Accordingly, under our decisions in Direct Mail and Meadows, we find that the district court did not abuse its discretion in denying O'Toole's motion to vacate the default judgment.
 
 
 5
 Appellees request damages under Fed.R.App.P. 38. Rule 38 permits the court to assess damages for frivolous appeals. "An appeal is frivolous when the result is obvious or the arguments are 'wholly without merit.' " NLRB v. Catalina Yachts, 679 F.2d 180, 182 (9th Cir.1982) (citations omitted) (quoting Libby, McNeil and Libby v. City National Bank, 592 F.2d 504, 515 (9th Cir.1978)). We find that O'Toole's appeal is not frivolous under this standard.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3