972 F.2d 1346
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Frederick G. RAMHARTER, Defendant-Appellant.
 No. 90-30393.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 18, 1992.*
Decided Aug. 26, 1992.
 
 Before HUG, D.W. NELSON and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Frederick Ramharter appeals his conviction on three counts of attempting to evade and defeat income tax in violation of 26 U.S.C. § 7201. Ramharter did not pay any taxes during the years 1983, 1984 and 1985, allegedly because of his belief that wages were not income and therefore were not taxable. On appeal, he challenges a statement the district court made to the jury, and alleges that he received ineffective assistance of counsel. We affirm.
 
 
 3
 As part of his defense, Ramharter presented evidence from an accountant as to what his tax liability would have been if wages were not in fact income. The district court admitted this evidence, but cautioned the jury as follows:
 
 
 4
 [T]his is not an alternative calculation of what Mr. Ramharter's taxes should be, it is just plain, flat wrong; there's no question about it that under federal law, wages are income. It's not an open question, it's a settled question of law.
 
 
 5
 Trial counsel did not object. On appeal, Ramharter contends that this cautionary instruction essentially directed a verdict in the government's favor. Where no objection was proffered in the district court, we review jury instructions for plain error, and will reverse only in "exceptional circumstances." United States v. Marsh, 894 F.2d 1035, 1039 (9th Cir.1989), cert. denied, 493 U.S. 1083 (1990).
 
 
 6
 The district court did not err in giving the instruction. The law is quite clear that wages are in fact income. See, e.g., Gattuso v. Pecorella, 733 F.2d 709, 710 (9th Cir.1984). Ramharter's only defense was that he had a subjective good faith belief, however unreasonable, that wages were not income. See Cheek v. United States, 111 S.Ct. 604, 611 (1991). The challenged instruction did not address this issue. Indeed, the district court later explicitly instructed the jury that if Ramharter believed in good faith that wages were not income, he could not be convicted. The challenged instruction merely informed the jury that they could consider the accountant's evidence only insofar as it bore on Ramharter's good faith, and not as proof that wages were not in fact income. The instruction was not erroneous.
 
 
 7
 Ramharter also claims he received ineffective assistance of counsel at trial. We decline to reach the merits of this claim. The proper way of challenging the effectiveness of trial counsel is in a collateral proceeding under 28 U.S.C. § 2255, where facts outside the record may be developed. United States v. Laughlin, 933 F.2d 786, 788-89 (9th Cir.1991); United States v. Houtchens, 926 F.2d 824, 828 (9th Cir.1991). Ramharter could pursue his claim in such a proceeding.[1]
 
 
 8
 Ramharter's conviction is affirmed.
 
 AFFIRMED
 
 
 *The panel unanimously find this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4.
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Ramharter did raise this issue before the district court in a "Motion for Reversal of the Guilty Verdict or in the Alternative a New Trial" and a "Motion for Bail Pending Appeal." Neither motion allowed additional factfinding, and neither was a substitute for a section 2255 proceeding. In any event, Ramharter has not appealed from the denial of either motion