82 F.3d 403
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Agapita Rosa VELAZQUEZ, et al., Plaintiffs-Appellees,
v.
Edna J. FIGUEROA-GOMEZ, Angel Rosa, Jaime Torrens and the
Municipality of Luquillo, Defendants-Appellants.
 No. 95-1866.
 United States Court of Appeals, First Circuit.
 April 22, 1996.
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Gilberto Gierbolini, U.S. District Judge ]
 Claudio Aliff-Ortiz, with whom Eliezer Aldarondo-Ortiz, Isabel Lopez-Bras and Aldarondo & Lopez Bras were on brief for appellants.
 Juan B. Soto-Balbas, with whom Adrian Mercado and Mercado & Soto were on brief for appellees.
 D. Puerto Rico
 AFFIRMED.
 Before Torruella, Chief Judge, Coffin, Senior Circuit Judge and Cyr, Circuit Judge.
 Per Curiam.
 
 
 1
 This appeal stems from a political discrimination case brought, pursuant to 42 U.S.C. § 1983, by Plaintiffs-Appellees, Agapita Rosa Velazquez, et al., former employees of the Municipal Government of Luquillo, Puerto Rico, against Defendants-Appellants, Edna J. Figueroa-Gomez, et al., the Municipal Government of Luquillo and several of its officials. A jury verdict found that Defendants-Appellants discriminated against thirty-eight of the former employees in violation of the First Amendment based on their political affiliation and awarded damages in favor of twenty-seven of them. In an earlier episode, we affirmed the finding of political discrimination and the damage award. See Agapita Rosa Velazquez, et al. v. Figueroa-Gomez et al., 996 F.2d 425 (1st Cir.1993) (affirming also the district court's denial of employees' reinstatement).
 
 
 2
 Defendants-Appellants now appeal the district court's June 6, 1995, order denying their motion for a reduction in the attorney's fees awarded to Plaintiffs-Appellees as the "prevailing party" under 42 U.S.C. § 1988 as well as its June 9, 1995, order of execution. Upon careful review of the record, we affirm, on the basis of the district court's opinion, each matter raised on appeal. The district court applied the correct legal standards and did not abuse its discretion in denying the request that the attorney's fees be further reduced. Because we find this to be a frivolous appeal, see E.H. Ashley & Co. v. Wells Fargo Alarm Servs., 907 F.2d 1274, 1280 (1st Cir.1990) ("[I]t is enough that the appellants and their attorney should have been aware that the appeal had no chance of success."); Natasha Inc. v. Evita Marine Charters, Inc., 763 F.2d 468, 472 (1st Cir.1985) (" 'An appeal is frivolous when the result is obvious, or the arguments are "wholly without merit." ' " (quoting NLRB v. Catalina Yachts, 679 F.2d 180, 182 (9th Cir.1982) (citations omitted)), Defendants-Appellants are directed to show cause, within ten days from the issuance of this opinion, why we should not award double costs and attorney's fees in the amount of $3,500 to Plaintiffs-Appellees pursuant to Rule 38 of the Federal Rules of Appellate Procedure. See 28 U.S.C. § 1912 (1994) (authorizing award of "just damages for [prevailing party's] delay, and single or double costs"); Fed. R.App. P. 38 (authorizing award of "just damages and single or double costs" if appeal is "frivolous" and "after a separately filed motion or notice from the court and reasonable opportunity to respond"); see also Roadway Express, Inc. v. Piper, 447 U.S. 752, 764-67 (1980); Cronin v. Town of Amesbury, --- F.3d ---, ---, No. 95-1957, slip. op. at 7-10 (1st Cir. April 16, 1996).
 
 
 3
 The judgment below is affirmed.