USCA1 Opinion

 

 April 22, 1996 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 95-1866 AGAPITA ROSA VELAZQUEZ, ET AL., Plaintiffs - Appellees, v. EDNA J. FIGUEROA-GOMEZ, ANGEL ROSA, JAIME TORRENS AND THE MUNICIPALITY OF LUQUILLO, Defendants - Appellants. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Gilberto Gierbolini, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Coffin, Senior Circuit Judge, ____________________ and Cyr, Circuit Judge. _____________ _____________________ Claudio Aliff-Ortiz, with whom Eliezer Aldarondo-Ortiz, ____________________ ________________________ Isabel L pez-Bras and Aldarondo & Lopez Bras were on brief for __________________ _______________________ appellants. Juan B. Soto-Balbas, with whom Adrian Mercado and Mercado & ___________________ ______________ _________ Soto were on brief for appellees. ____ ____________________ ____________________ Per Curiam. This appeal stems from a political Per Curiam. ___________ discrimination case brought, pursuant to 42 U.S.C. 1983, by Plaintiffs-Appellees, Agapita Rosa Vel zquez, et al., former employees of the Municipal Government of Luquillo, Puerto Rico, against Defendants-Appellants, Edna J. Figueroa-G mez, et al., the Municipal Government of Luquillo and several of its officials. A jury verdict found that Defendants-Appellants discriminated against thirty-eight of the former employees in violation of the First Amendment based on their political affiliation and awarded damages in favor of twenty-seven of them. In an earlier episode, we affirmed the finding of political discrimination and the damage award. See Agapita Rosa Vel zquez, ___ _______________________ et al. v. Figueroa-G mez et al., 996 F.2d 425 (1st Cir. 1993) _____ ______________________ (affirming also the district court's denial of employees' reinstatement).  Defendants-Appellants now appeal the district court's June 6, 1995, order denying their motion for a reduction in the attorney's fees awarded to Plaintiffs-Appellees as the "prevailing party" under 42 U.S.C. 1988 as well as its June 9, 1995, order of execution. Upon careful review of the record, we affirm, on the basis of the district court's opinion, each matter raised on appeal. The district court applied the correct legal standards and did not abuse its discretion in denying the request that the attorney's fees be further reduced. Because we find this to be a frivolous appeal, see E.H. Ashley & Co. v. Wells ___ __________________ _____ Fargo Alarm Servs., 907 F.2d 1274, 1280 (lst Cir. l990) ("[I]t is __________________ enough that the appellants and their attorney should have been aware that the appeal had no chance of success."); Natasha Inc. ____________ -2- v. Evita Marine Charters, Inc., 763 F.2d 468, 472 (1st Cir. 1985) ___________________________ ("'An appeal is frivolous when the result is obvious, or the arguments are "wholly without merit."'" (quoting NLRB v. Catalina ____ ________ Yachts, 679 F.2d 180, 182 (9th Cir. 1982) (citations omitted)), ______ Defendants-Appellants are directed to show cause, within ten days from the issuance of this opinion, why we should not award double costs and attorney's fees in the amount of $3,500 to Plaintiffs- Appellees pursuant to Rule 38 of the Federal Rules of Appellate Procedure. See 28 U.S.C. 1912 (1994) (authorizing award of ___ "just damages for [prevailing party's] delay, and single or double costs"); Fed. R. App. P. 38 (authorizing award of "just damages and single or double costs" if appeal is "frivolous" and "after a separately filed motion or notice from the court and reasonable opportunity to respond"); see also Roadway Express, ________ _________________ Inc. v. Piper, 447 U.S. 752, 764-67 (1980); Cronin v. Town of ____ _____ ______ ________ Amesbury, --- F.3d ---, ---, No. 95-1957, slip. op. at 7-10 (1st ________ Cir. April 16, 1996). The judgment below is affirmed. affirmed ________ -3-