**In the Matter of Robert Wayne HICKS, Sr., et al., Debtors.**

**Robert Wayne Hicks, Sr., et al., Appellants,**

v.

**United States, Appellee.**

**Civ. No. 98–1642PHX–ROS.**

United States District Court, D. Arizona.

Nov. 22, 1999.

Robert Wayne Hicks, Phoenix, AZ, pro se.

Janice Virginia Hicks, Phoenix, AZ, pro se.

Robert P. McIntosh, U.S. Dept. of Justice, Trial Attorney, Tax Division, Washington, DC, for U.S. Bankruptcy Court, District of Arizona.

Maureen Gaghan, Chandler, AZ, pro se.

## ORDER

SILVER, District Judge.

Appellants Robert Wayne Hicks and Janice Virginia Hicks appeal from a bankruptcy court's decision to grant summary judgment on Appellants' claims against Appellee. The nature of and basis for Appellants' arguments are unclear. The first cause of action, entitled "Wrong Party," appears to allege that the tax liens the Internal Revenue Service placed on Appellants' property in the amount of $3,978.32 were procedurally improper.[1] (Compl. 4, attached to Appellee's Copies of Record 1.) Appellants' remaining causes of action appear to stem from this allegation. Appellants seek to quiet title to the funds in question in Appellants based on the alleged procedural deficiencies in the liens. They request turnover of the property on the same basis. (*Id.* at 5.) Appellants also ask the Court to "take judicial notice of the Bible as Law." (Compl. at 9, attached to Appellee's Copies of Record 1.)

Appellants raise a number of barely comprehensible arguments in support of their claims. Appellants assert that the Internal Revenue Service is not part of the United States Department of the Treasury in part because the Department of the Treasury Seal is "conspicuously missing," though it is unclear on what document Appellants believe the seal is required to be found or the significance of its alleged absence. (Legal Points in Support of the Appe[ ]llant[s] Position at 3.) In support of this assertion, Appellants state that "[t]he Internal Revenue Service claims to be (3)27" a part of the Department of the Treasury. However there is no reference

---

1. The reference to "wrong party" also appears in a similar complaint Appellants filed against the Arizona Department of Revenue. (State Compl. at 3, attached to Appellant(s) Notice of Initial Brief.) In that lawsuit, the statement appears to refer to Appellants' allegation that the Notices of Tax Lien sent to Appellants by the Arizona Department of Revenue were invalid because they fail to refer to Appellants' "Full Christian Appellation." (*Id.*) Instead of using Appellants' full names, the Arizona Department of Revenue referred to Appellants by abbreviated versions of their names, which were nonetheless clearly identifiable as Appellants' names. (Notices of Tax Lien, Ex. B–E, attached to Appellant(s) Notice of Initial Brief.)

to the United States Department of the Treasury or Department of the Treasury of the United States. In the absence of where or which the IRS claims to be a part of, nothing is stated to make that official determination. (*Id.* at 2.) Appellants also fault the Notice of Federal Tax Lien's apparent "false statement as to the 'Kind of Tax'" (*Id.* at 9.) According to Appellants, "[t]here is no such thing as a 'Kind of Tax.' Court cases have clearly shown that to be lawful, it must show the 'Type of Tax' not the 'Kind of Tax.'" (*Id.*) Appellants make no mention of the case law supporting their assertion. Appellants further allege that "[t]he IRS has NO authority to file a 'tax lien' outside of the District of Columbia." (*Id.*) They also appear to claim that they never received the required notices informing them of the lien on their property. (Appellant(s) Notice of Initial Brief at 32.) Finally, Appellants assert that "the so called 'income tax' [is] strictly 'voluntary.'" (*Id.* at 10.)

■ The Court reviews the bankruptcy court's decision to grant Appellee's summary judgment motion *de novo. Parker v. Community First Bank,* 123 F.3d 1243, 1245 (9th Cir.1997). Fed.R.Civ.P. 56(c) authorizes the granting of summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Judgment for the moving party must be entered "if, under the governing law, there can be but one reasonable conclusion as to the verdict." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "If reasonable minds could differ as to the import of the evidence," judgment should not be entered in favor of the moving party. *Id.* at 250–251, 106 S.Ct. 2505.

The moving party bears the initial burden of identifying the elements of the claim in the pleadings, depositions, answers to the interrogatories, affidavits, and other evidence, which the moving party "believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "A material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the parties' differing versions of the truth." *S.E.C. v. Seaboard Corp.,* 677 F.2d 1301, 1305–06 (9th Cir. 1982). The burden then shifts to the nonmoving party to establish that there is a genuine issue for trial. *Celotex,* 477 U.S. at 324, 106 S.Ct. 2548. More than a "metaphysical doubt" is required to establish a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The parties bear the same substantive burdens of proof as would apply at a trial on the merits. *Anderson,* 477 U.S. at 252, 106 S.Ct. 2505. In deciding a summary judgment motion, the Court does not weigh the evidence or the credibility of witnesses, rather "the nonmovant's version of any disputed issue of fact is presumed correct." *Eastman Kodak Co. v. Image Technical Serv., Inc.,* 504 U.S. 451, 458, 112 S.Ct. 2072, 119 L.Ed.2d 265 (1992).

■ Appellants' arguments that the liens were procedurally deficient are groundless. Appellee has provided authenticated copies of Certificates of Assessments and Payments, which document the assessments, notice and demand for payment, and the filing of Notices of Federal Tax Lien in Appellants' case. (Certificates of Assessments and Payments, attached to Appellee's Copies of Record 4 and 5 as Ex. 1 and 3.) It well established that Certificates of Assessments and Payments are "probative evidence in and of themselves and, in the absence of contrary evidence, are sufficient to establish that ... assessments were properly made." *Hughes v. United States,* 953 F.2d 531, 540 (9th Cir.1992); *see also Koff v. United States,* 3 F.3d 1297, 1298 (9th Cir.1993), *cert. denied,* 511 U.S. 1030, 114 S.Ct. 1537,

128 L.Ed.2d 190 (1994) (noting that "it is settled in this circuit" that Certificates of Assessment and Payments create a presumption that the assessments were procedurally proper). Thus, the Certificates of Assessments and Payments establish a presumption that the assessments on Appellants' property were properly made absent persuasive evidence to the contrary. Appellants have offered no such evidence.

Moreover, Appellants' arguments, like those offered by numerous other tax protestors, are frivolous. Accordingly, the Court will not expend further judicial resources in delineating the basis for their lack of merit in detail. *See Kile v. Comm'r of Internal Revenue,* 739 F.2d 265, 269 (7th Cir.1984) (observing the "waste of limited judicial and administrative resources that [tax protestors' frivolous claims] have occasioned"); *Edgar v. Inland Steel Co.,* 744 F.2d 1276, 1278 (7th Cir.1984) (noting that "[t]his lawsuit represents yet another disturbing example of a patently frivolous appeal filed by abusers of the tax system merely to delay and harass the collection of public revenues"); *Davis v. U.S. Gov't,* 742 F.2d 171, 173 (5th Cir.1984) (imposing sanctions on a tax protestor who filed a frivolous action); *United States of America v. Wilfley,* 1997 WL 685283, at * 4 (D.Or.1997) (noting that "the court will not consider the discredited arguments frequently used by tax protestors and consistently rejected by the Ninth Circuit"). As the Seventh Circuit noted, when imposing sanctions on tax protestors for their frivolous appeal:

> The doors to this courthouse are of course open to good faith appeals of what are honestly thought to be errors of the lower courts. But we can no longer tolerate abuse of the judicial review process by irresponsible taxpayers who press stale and frivolous arguments, without hope of success on the merits, in order to delay or harass the collection of public revenues or for other nonworthy purposes.

*Kile,* 739 F.2d at 269. In *Crain v. Commissioner of Internal Revenue,* 737 F.2d 1417, 1418 (5th Cir.1984), the Fifth Circuit agreed, characterizing a tax protestor's claim as "a hodgepodge of unsupported assertions, irrelevant platitudes, and legalistic gibberish. The government should not have been put to the trouble of responding to such spurious arguments, nor this court to the trouble of 'adjudicating' this meritless appeal." Appellants' arguments are no more lucid than those the Fifth Circuit confronted in *Crain* and this Court as well "perceive[s] no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." *Id.* Even assuming a kernel of merit to Appellants' claims, it is buried so deeply amidst incomprehensible and patently frivolous arguments that it would be impossible to unearth it.

The Court has already been lenient with Appellants, giving them three extensions of time in which to file designations of the record. The Court also denied Appellee's Motion to Dismiss the appeal for failure to properly designate the record despite the fact that Appellants' designation of the record remained deficient. (Aug. 2, 1999 Order.) Rather than dismissing the action on procedural grounds, the Court determined that it would address Appellants' claims on the merits. (*Id.*) The Court has done so and found this action, like others filed by tax protestors, "entirely insubstantial on the merits." *Koff,* 3 F.3d at 1298 (summarily affirming summary judgment in favor of the government because the tax protestors failed to rebut the presumption created by the Certificates of Assessments and Payments). Therefore the Court will affirm the bankruptcy court's decision to grant summary judgment on Appellants' claims.

Accordingly,

**IT IS ORDERED** that the decision of the bankruptcy court is affirmed.