**Burdell N. MYRICK, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. CV 01–453 TUC DCB.**

United States District Court, D. Arizona.

May 14, 2002.

Burdell N. Myrick, Tucson, AZ, pro se.

Norma J. Schrock, U.S. Dept. of Justice, Washington, DC, for defendant.

### ORDER

BURY, District Judge.

Before this Court is Defendant United States of America's Motion for Summary Judgment. For the reasons set forth below, Defendant's Motion is Granted.

*FACTUAL BACKGROUND.*

Plaintiff, Burdell Myrick, filed his 1998 income tax return, wherein he claimed that he had no taxable income. (Exhibit 1 to Defendant's Declaration of Norma J. Schrock.) Plaintiff also claimed that he was entitled to a refund of One Thousand Eight Hundred Ninety Dollars ($1,890.00). (*Id.*) However, according to the Form 1099–R that was attached to his return, Plaintiff received Twenty Two Thousand Eight Hundred Forty Eight Dollars and Ninety Six Cents ($22,848.96) in taxable distributions from a pension or similar account. (*Id.*)

Plaintiff attached correspondence to his return that purported to explain why, despite receiving $22,848.96 in distributions, he had no taxable income. (*Id.*) According to Plaintiff, he had no taxable income since the term "income," when used in Income Tax Acts of Congress must have the same meaning as used in the Corporation Excise Tax Act of 1909. (*Id.*) Plaintiff, determining that "income" can only be a derivative of corporate activities, and "not wishing to commit perjury," reported zero taxable income for 1998. (*Id.*) In that same letter, Plaintiff put the Defendant "on notice that [his] 1998 tax return and claim for refund [could] not be considered 'frivolous' on *any basis* . . . . " (*Id.*) (Emphasis original.)

On March 31, 1999, Defendant, through its agency, the Internal Revenue Service, notified Plaintiff that his purported reasons for reporting zero taxable income for 1998 were frivolous and without any basis in law. (Exhibit 2 to Defendant's Declaration of Norma J. Schrock.) The I.R.S. advised Plaintiff that claims such as his "have been considered and rejected repeatedly as without merit by the federal courts—including the Supreme Court of the United States." (*Id.*) Plaintiff was encouraged to seek advice from competent tax counsel or a licensed attorney. (*Id.*) Plaintiff was also advised of the potential civil penalties should he fail to correct his position within thirty (30) days. (*Id.*)

On April 12, 1999, Plaintiff responded to the I.R.S. with a lengthy letter which repeated and elaborated upon his reasons for not reporting any income for 1998 and threatening the I.R.S. with civil litigation, including punitive damages. (Exhibit 3 to Defendant's Declaration of Norma J. Schrock.) Plaintiff signed this letter, "Constitutionally yours, Burdell Noel Myrick, Law Abiding Citizen." (*Id.*)

A civil penalty, pursuant to 26 U.S.C. § 6702, was charged against Plaintiff in the amount of Five Hundred Dollars ($500.00) on September 4, 2000. (Exhibit 4 to Defendant's Declaration of Norma J.

Schrock.) The basis for the penalty was Plaintiff's frivolous return for 1998. (*Id.*) After Plaintiff failed to pay the penalty, the I.R.S. notified him by letter of its intent to levy and gave Plaintiff notice of his right to a hearing. (Exhibit 5 to Defendant's Declaration of Norma J. Schrock.)

On January 26, 2001, Plaintiff filed his Request for a Collection Due Process Hearing. (Exhibit 6 to Defendant's Declaration of Norma J. Schrock.) Attached to that Notice was Plaintiff's "further explanations" wherein he made certain demands of the I.R.S. Office of Appeals. (*Id.*) On May 11, 2001, the I.R.S. Appeals Office in Phoenix, Arizona, notified Plaintiff of the date, time, and location of his requested Collection Due Process Hearing ("CDPH"). (Exhibit 7 to Defendant's Declaration of Norma J. Schrock.) In his letter of May 17, 2001, Plaintiff advised the Appeals Office that he would be on vacation at the time of the scheduled hearing and requested that it be reset to a different date. (Exhibit 8 to Defendant's Declaration of Norma J. Schrock.)

In a letter dated May 18, 2001, the Appeals Office advised Plaintiff of the rescheduled CDPH. (Exhibit 9 to Defendant's Declaration of Norma J. Schrock.) The Appeals Office also advised Plaintiff that his claims were frivolous and without merit. (*Id.*) Plaintiff was advised that the courts "have consistently and repeatedly rejected the arguments [Plaintiff] [ ] expressed and, in some cases, they have imposed sanctions." (*Id.*) Plaintiff was further advised of the decision in *Pierson v. Commissioner*, 115 T.C. 39, wherein the court "issued fair warning of penalties under section 6673 to all those taxpayers who, in the future, institute or maintain a lien or levy action primarily for delay or whose position in such a proceeding is frivolous and groundless." (*Id.*)

Plaintiff's CDPH was held on June 25, 2001 at 1:00 p.m., in Phoenix, Arizona. (*Id.*) On August 16, 2001, the Appeals Office, via certified mail, notified Plaintiff of its Determination Concerning Collection Action(s) under Sections 6320 and/or 6330. (Exhibit 10 to Defendant's Declaration of Norma J. Schrock.) The Appeals Office determined that "the decision to go forward with enforced collection action to collect the unpaid balance due for the [1998 tax period], as indicated in the Notice of Intent to Levy that [Plaintiff] received, [was] appropriate." (*Id.*) In an attachment to the Determination, the Appeals Office determined that the issues raised by Plaintiff at the CDPH were frivolous. (*Id.*) The Appeals Office also determined that Plaintiff failed to provide any valid explanation why he should not be penalized. (*Id.*)

On September 13, 2001, Plaintiff filed with this Court his Complaint against Defendant for judicial review of the determination made by the Appeals Office. (Docket No. 1.) Attached to that Complaint was Plaintiff's Verification, wherein, under penalty of perjury, Plaintiff avowed that his Complaint was warranted by existing law or a good-faith argument for its extension, modification or reversal. (*Id.*) Plaintiff further avowed that his Complaint was not interposed for any improper purpose. (*Id.*)

On November 20, 2001, Defendant filed its Motion for Summary Judgment, Supporting Memorandum, Statement of Facts, and Declaration of Norma J. Schrock. (Docket Nos. 2–5.) Plaintiff's Response, Statement of Facts, and Declaration were filed on January 18, 2002. (Docket Nos. 8–10.) Defendant's Reply was filed February 13, 2002. (Docket No. 12.)

Neither party requested oral argument on Defendant's Motion for Summary Judgment, nor did either file the required separate notice of hearing. Rule 1.10(f), Local

Rules for the District of Arizona. Therefore, pursuant to Rule 1.10(f) of the Local Rules for the District of Arizona, this Court shall decide the matter without entertaining oral argument.

*DISCUSSION.*

## I. STANDARD FOR MOTIONS FOR SUMMARY JUDGMENT.

A motion for summary judgment shall be granted if there are no genuine issues of material fact, entitling the moving party to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). A motion for summary judgment should be granted if reasonable minds could not differ that the moving party must prevail as a matter of law. *Id.* at 250–251, 106 S.Ct. at 2511–2512. A mere scintilla of evidence is insufficient to defeat a motion for summary judgment. *Id.* at 251, 106 S.Ct. at 2512. The opposing party may not rest upon the allegations of his pleadings. Rather, the party opposing a motion for summary judgment must set forth specific facts which indicate that there is a genuine issue for trial. *Id.* at 250, 106 S.Ct. at 2511; *See also* Rule 56(e), Fed.R.Civ.P.

## II. THERE IS NO GENUINE ISSUE OF MATERIAL FACT REGARDING THE FRIVOLOUS NATURE OF PLAINTIFF'S CLAIM.

■ In Section II of its Motion for Summary Judgment, Defendant argues that Plaintiff failed to raise a valid reason why the penalty should not have been assessed against him. (Defendant's Motion, pp. 6–9.) However, in his Response, Plaintiff fails to address the merits of Defendant's argument. Rather, Plaintiff seeks to strike any and all of the evidence produced by Defendant in support of its Motion. (Plaintiff's Response, pp. 4–6.) He does this despite the fact that "Plaintiff does not dispute the Defendant's summary of the proceedings leading up to the CDPH." (*Id.* at 1.) Having failed to oppose or dispute Defendant's recitation of the facts leading up to the CDPH, those facts are deemed undisputed for the purposes of this decision. *See* Rule 56(e), Fed.R.Civ.P.; Rule 1.10(*l*)(1), Local Rules of Practice for the District Court of Arizona.

■ Plaintiff first seeks to strike the Declaration of Norma J. Schrock, attorney for Defendant. It is true that affidavits in support of a motion for summary judgment must be made upon personal knowledge. Rule 56(e) Fed.R.Civ.P. In fact, Ms. Schrock's Declaration is made upon such knowledge. Ms. Schrock's Declaration provides the sources of the documents attached to her Declaration. As she points out in her Declaration, Ms. Schrock received the documents in connection with her official duties as trial attorney with the Tax Division of the U.S. Department of Justice. (Declaration of Norma J. Schrock, ¶¶ 1–2.) Thus, she does have personal knowledge as to the source of the documents, and her declaration is proper and in accordance with Rule 56(e), Fed.R.Civ.P.

■ Plaintiff also claims that the documents attached to the Declaration constitute hearsay and, therefore, should be stricken. (Plaintiff's Response, p. 4.) Exhibits 1 – 10 to Ms. Schrock's Declaration are documents maintained by the I.R.S. as records of regularly conducted activity and, therefore, are admissible. *See* Rule 803(6), Fed.R.Evid. Additionally, Exhibits 1, 3, 6, and 8 constitute admissions by Plaintiff, a party-opponent, and, therefore, are not hearsay. *See* Rule 801(d)(2), Fed.R.Evid. Plaintiff provides no legal support for his claim that this evidence is, in fact, excludable hearsay. This Court will not consider arguments made without legal support.

Finally, Plaintiff opposes Exhibits 11 and 12 to the Declaration on the grounds that these documents were not part of the record from his CDPH. (Plaintiff's Response, p. 5.) In reply, Defendant concedes that the specific documents were not part of the record, but the information in the documents was. (Defendant's Reply, p. 2.) However, Defendant fails to indicate where exactly this information can be found in the record. Regardless, the information contained in Exhibits 11 and 12 are not material to this decision and do not provide a basis for this Court's decision. Therefore, the admissibility of these exhibits is irrelevant.

It is the well-established law that a party adverse to a motion for summary judgment "may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided by this rule, *must* set forth *specific facts* showing there is a genuine issue for trial." Rule 56(e), Fed.R.Civ.P. (Emphasis added.) Plaintiff failed to comply with this provision of the Rule. He has failed to provide any evidence or set forth any specific facts in opposition to Defendant's Motion for Summary Judgment. Indeed, Plaintiff concedes that, except for Exhibits 11 and 12, the facts are undisputed. Without a dispute regarding facts material to this case, Defendant's Motion for Summary Judgment must be granted. *See* Rule 56(c), Fed.R.Civ.P. Nevertheless, since the merits also provide sufficient bases to grant Defendant's Motion, this Court will address them, as well.

■ Plaintiff alleges the penalty imposed by Defendant is improper and illegal since he did not file a frivolous tax return for the year 1998. One of the bases for Plaintiff's position is that he had no taxable income since "income" can only be a derivative of corporate activity. This position, however, is simply untenable and is directly contrary to the law. *See Olson v. United States,* 760 F.2d 1003 (9th Cir. 1985); *Gattuso v. Pecorella,* 733 F.2d 709 (9th Cir.1984).

Income is defined by the Internal Revenue Code as meaning several things other than derivatives of corporate activity. Under 26 U.S.C. § 61,

> gross income means all income from whatever source derived, including (but not limited to) the following items:
>
> .      .      .      .      .
>
> (9) Annuities;
>
> (10) Income from life insurance and endowment contracts;
>
> (11) Pensions;
>
> .      .      .      .      .

26 U.S.C. § 61(a). The Code of Federal Regulations applicable to the Internal Revenue Code defines gross income as "all income from whatever source derived, unless excluded by law." 26 C.F.R. § 1.61–1(a). Gross income thus includes "income realized in any form, whether in money, property, or services." *Id.*

Whether or not the term income is defined further is irrelevant in this case since, whatever else it may mean, it expressly and unambiguously includes all income derived from annuities, insurance contracts, and pensions. *See In re Bertelt,* 184 B.R. 603, 605 (M.D.Fla.1995). Plaintiff's Form 1099–R for 1998 is entitled "Distributions From Pensions, Annuities, Retirement or Profit–Sharing Plans, IRAs, Insurance Contracts, etc." The Payer of Plaintiff's distributions is listed as Aetna Life Insurance Company. (Exhibit 1 to Defendant's Declaration of Norma J. Schrock.) Thus, it plainly appears that Plaintiff's distributions for 1998 were derived from "[i]ncome from life insurance and endowment contracts," a form of income as expressly defined by 26 U.S.C. § 61(a)(10). Accordingly, there is no ques-

tion of fact that Plaintiff did have taxable income for 1998.

■ Plaintiff's claim that payment of income taxes is voluntary is equally meritless. The Ninth Circuit has expressly held that "paying taxes is not voluntary" for American citizens. *Wilcox v. Commissioner of Internal Revenue,* 848 F.2d 1007, 1008 (9th Cir.1988). It is difficult to conceive of a clearer declaration of the law.

■ Therefore, there is no question of fact that Plaintiff, deliberately, knowingly, and in direct contravention of the law, refused to pay his 1998 taxes. Hence, Plaintiff's claims that he had no income and was not required to pay taxes on that income are and were frivolous and without any legitimate or legal basis whatsoever. The penalty imposed by the Appeals Office of Defendant in its Notice of Determination was appropriate and Plaintiff's appeal of that penalty is just as frivolous and spurious as his lien and levy action that brought him to this Court.

■ It bears mentioning that, based upon the evidence and pleadings presented to this Court, Plaintiff's action against Defendant violates the provisions of Rule 11(b) of the Federal Rules of Civil Procedure. Despite the Verification Plaintiff attached to his Complaint, reasonable minds could not agree with Plaintiff that his Complaint is well-grounded in fact or is warranted by existing law or a good faith argument for the extension thereof.

Plaintiff acknowledged the frivolousness of his tax return when, in his correspondence attached thereto, he admonished Defendant "that [his] 1998 tax return and claim for refund [could] not be considered 'frivolous' on *any basis* .... " (Exhibit 1 to Defendant's Declaration of Norma J. Schrock.) (Emphasis original.) Clearly, Plaintiff was aware that his tax return and refund request were frivolous and without any legal basis since only one with such

awareness could issue a preemptive warning to Defendant. Since there is no room for reasonable argument about the frivolous nature of Plaintiff's tax return, every subsequent legal or quasi-legal proceeding stemming from that return is frivolous, as well. Thus, Plaintiff's Verification to the contrary notwithstanding, Plaintiff's Complaint is not well-founded in fact nor is it warranted by existing law and any argument by Plaintiff for the law's modification lacks any good-faith basis.

Even if Plaintiff did not reasonably believe that his 1998 tax return was frivolous when filed, he was repeatedly advised that it was by Defendant. Defendant did more than merely declare that Plaintiff's return and refund request were frivolous. Defendant provided Plaintiff with citations to legal authority to support Defendant's position. Thus, Plaintiff himself was put on notice that his claim was frivolous and unsupported by existing law. Nevertheless, Plaintiff ignored Defendant's warnings and appealed his claims, which ultimately brought him before this Court.

As was aptly stated by the Fifth Circuit, tax protestor claims such as Plaintiffs are nothing more than

> a hodgepodge of unsupported assertions, irrelevant platitudes, and legalistic gibberish. The government should not have been put to the trouble of responding to such spurious arguments, nor this court to the trouble of "adjudicating" this meritless appeal.

*Crain v. Commissioner of Internal Revenue,* 737 F.2d 1417, 1418 (5th Cir.1984). This Court can "no longer tolerate abuse of the judicial review process by irresponsible taxpayers who press stale and frivolous arguments, without hope of success on the merits, in order to delay or harass the collection of public revenues or for other nonworthy purposes." *In re Hicks,* 241 B.R. 456, 459 (D.Ariz.1999), *quoting Kile v.*

*Commissioner of Internal Revenue,* 739 F.2d 265, 269 (7th Cir.1984).

Plaintiff clearly and knowingly violated Rule 11(b), Fed.R.Civ.P. As such, Plaintiff can be subject to sanctions by this Court, including monetary sanctions. However, in order to prevent further waste of this Court's time with this frivolous matter, this Court will not impose its own sanctions. Rather, this Court admonishes Plaintiff against filing such spurious and frivolous claims in the future. Whatever rights Plaintiff thinks he has, he does not have the right to waste this Court's time nor the money of the truly law-abiding Americans who pay their taxes in compliance with the well-established laws of this Nation.

**Accordingly,**

**IT IS ORDERED** that the Defendant's Motion for Summary Judgment (document 2) is **GRANTED** in its entirety.

**IT IS FURTHER ORDERED** that Plaintiff's lawsuit in this matter is dismissed with prejudice.