49 P.3d 373

**In the Matter of the Tax Appeal of Neil RHOADS, Appellant,**

v.

**Marie Y. OKAMURA, Director, Department of Taxation, State of Hawai'i, Appellee.**

No. 24541.

Supreme Court of Hawai'i.

July 10, 2002.

---

Neil Rhoads, on the briefs, appellant pro se.

Christopher J. Muzzi, Deputy Attorney General, on the briefs, for appellee.

MOON, C.J., LEVINSON, NAKAYAMA, RAMIL, and ACOBA, JJ.

Opinion of the Court by RAMIL, J.

Appellant Neil Rhoads appeals from the judgment of the Tax Appeal Court, the Honorable Gary W.B. Chang presiding, granting summary judgment in favor of the Director of the Department of Taxation (Director). Rhoads alleges the following points of error: (1) the Tax Appeal Court's final judgment is invalid due to being untimely; (2) the Tax Appeal Court erred by denying Rhoads the opportunity to enter testimony on the Director's motion to dismiss or, in the alternative, for summary judgment; (3) the Tax Appeal Court erred by not interpreting "ambiguities" in the taxing statutes in favor of the taxpayer; and (4) the Tax Appeal Court erred in granting the Director's motion for summary judgment because the "material fact" of whether the State of Hawai'i is a "State," as provided in 26 U.S.C. § 3401, was in controversy. In response, the Director argues that Rhoads's appeal is frivolous and moves for attorneys' fees and costs pursuant to Hawai'i Rules of Appellate Procedure (HRAP) Rule 38. Because Rhoads's appeal is manifestly and palpably without merit, the Tax Appeal Court's judgment is affirmed. Furthermore, we hold that Rhoads's appeal is frivolous, and thus, warrants sanctions under HRAP Rule 38.

## I. BACKGROUND

Appellant Rhoads was employed as a teacher by the State of Hawai'i during the tax years on appeal (1997 and 1998). Rhoads filed a Form N–15 for part-time residents for the 1997 tax year but did not file a federal income tax return that year, later explaining that he and his CPA determined Rhoads was "exempt from IRS taxes." In 1999, Rhoads filed a Form N–15 for resi-

dents for the 1998 tax year and also filed an amended form N–15 for 1997 with an attached note expounding the grounds for the amended return. Rhoads explained that his taxable income, as determined by the Internal Revenue Code (IRC), was $0.00 for both 1997 and 1998. Thus, Rhoads argued that his taxable income for Hawai'i state income taxes was also $0.00, basing this assertion on the fact that Chapter 235 of Title 14 of the Hawai'i Revised Statutes (HRS) states that, "gross income," "adjusted gross income," "ordinary income," "ordinary loss," and "taxable income" are defined and determined by the IRC.

According to Rhoads's W–2 forms, he was paid $7,696.00 in 1997 and $30,059.77 in 1998. He requested a refund in the amount of $251.00 for his amended 1997 return (noting he had already received $199.00 from his earlier filing) and $1,991.00 for 1998.

On September 7, 1999 the Director mailed Rhoads a final notice of assessment, denying Rhoads's request for refunds for 1997 and 1998 and also levying additional taxes for the 1998 tax year, based on the information Rhoads provided on his N–15 tax form and from his W–2 for that year. Both assessments explained, "Wages on income earned for services are taxable to a Hawai'i resident under Section 235–4(a) HRS. There are no statutory provisions to exempt wages from income tax."

On December 21, 1999, Rhoads filed a Notice of Appeal challenging the Director's denial of Rhoads's request for refunds. On appeal, the Director filed a Motion to Dismiss or in the Alternative, Motion for Summary Judgment. Treating the motion as one for summary judgment, the Tax Appeal Court granted the Director's motion at a hearing on April 2, 2001 and entered an order confirming the judgment in favor of the Director on June 21, 2001.

On August 8, 2001 Rhoads filed a Notice of Objection to the proposed judgment, alleging that the judgment was: 1) untimely, in that it was not entered until after ten days of the order granting the Director's motion for summary judgment, in violation of Rules of the Circuit Courts of Hawai'i (RCCH) Rule 23 (1997);[1] 2) flawed because the court refused to allow Rhoads to present testimony on the motion for summary judgment; and 3) misleading in that "the wording of [the proposed order] would mislead the reader into thinking that the court had been fully informed and had considered the full record when in fact it had not."

Nonetheless, the Tax Appeal Court entered its judgment in favor of the Director on August 8, 2001. On September 7, 2001, Rhoads filed a Notice of Appeal challenging the Tax Appeal Court's judgment.

## II. STANDARDS OF REVIEW

### A. Summary Judgment

We review a trial court's award of summary judgment de novo, under the same standards applied by the trial court. See Amfac, Inc. v. Waikiki Beachcomber Inv.

---

1. RCCH Rule 23 (1997) states:

   Within 10 days after decision of the court awarding any judgment, decree or order that requires settlement and approval by a judge, including any interlocutory order, the prevailing party, unless otherwise ordered by the court, shall prepare a judgment, decree, or order in accordance with the decision, attempt to secure the approval as to form of opposing parties thereon, and following such approval deliver the original and one copy to the court. If there is no objection to the form of a proposed judgment, decree or order, the party shall promptly approve as to form. In the event a proposed judgment, decree or order is not approved as to form by an opposing party within 5 days of a written request for such approval, the prevailing party shall deliver the original and one copy to the court along with notice of service on all parties and serve a copy thereof upon each party who has appeared in the action. If any party objects to the form of a proposed judgment, decree or order, that party shall within 5 days thereafter serve upon the prevailing party and deliver to the court a statement of that party's objections and the reasons therefor, and the form of the party's proposed judgment, decree or order, and in such event, the court shall proceed to settle the judgment, decree or order. Failure to file and serve objections and a proposed judgment, decree or order shall constitute approval as to form of the prevailing party's proposed judgment, decree or order. Approval as to form shall not affect the right, or constitute waiver of the right, of any party to appeal from any judgment, decree or order issued.

*Co.,* 74 Haw. 85, 104, 839 P.2d 10, 22, *reconsideration denied,* 74 Haw. 650, 843 P.2d 144 (1992) (citation omitted). As we have often articulated:

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

*Id.* (citations and internal quotation signals omitted); *see* Hawai'i Rules of Civil Procedure (HRCP) Rule 56(c) (2000).

### B. *Decision and Findings of the Tax Appeal Court*

Inasmuch as the facts here are undisputed and the sole question is one of law, we review the decision of the Tax Appeal Court "under the right/wrong standard." [*Weinberg v. City and County of Honolulu,* 82 Hawai'i 317, 322, 922 P.2d 371, 377 (1996) ] (citation omitted); *Maile Sky Court Co., Ltd. v. City and County of Honolulu,* 85 Hawai'i 36, 39, 936 P.2d 672, 675 (1997) ("The interpretation of a statute is a question of law.").

*Kamikawa v. Lynden Air Freight Inc.,* 89 Hawai'i 51, 54, 968 P.2d 653, 656 (1998), *cert. denied,* 526 U.S. 1087, 119 S.Ct. 1497, 143 L.Ed.2d 651 (1999).

### C. *Statutory Interpretation*

■ The meaning of a statute is a question of law that this court reviews *de novo. See Furukawa v. Honolulu Zoological Society,* 85 Hawai'i 7, 12, 936 P.2d 643, 648 (1997).

When construing a statute, our foremost obligation is to ascertain and give effect to the intention of the legislature, which is obtained primarily from the language contained in the statute itself. Where the language of a statute is plain and unambiguous, our only duty is to give effect to the statute's plain and obvious meaning. Further, in interpreting a statute, we give the words their common meaning, unless there is something in the statute requiring a different interpretation.

*Id.* (citing *Iddings v. Mee–Lee,* 82 Hawai'i 1, 6–7, 919 P.2d 263, 268–69 (1996)).

### III. *DISCUSSION*

It is relevant to point out that some courts "perceive no need to refute [tax protestor] arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." *Crain v. Commissioner,* 737 F.2d 1417 (5th Cir.1984) (per curiam); *see also Kile v. Commissioner of Internal Revenue,* 739 F.2d 265, 267 (7th Cir.1984) (the Seventh Circuit noted, "These three cases merit public attention only as illustrations of irresponsible appellate practice deserving of sanction"). Nonetheless, to illustrate the frivolousness of this appeal, we address Rhoads's arguments below.

### A. *The August 8, 2001 Judgment of the Tax Appeal Court is Valid.*

■ Rhoads argues the judgment of the Tax Appeal Court is void because the Director did not submit a proposed judgment to the Tax Appeal Court within ten days of the Order Granting Director of Taxation's Motion for Summary Judgment, pursuant to RCCH Rule 23.

Rhoads misconstrues RCCH Rule 23. The Director's failure to prepare a judgment in accordance with the decision, secure approval as to the form, and deliver copies of the proposed judgment to the court within ten days *does not void* the original decision and order of the court. As noted by the Director:

RCCH Rule 23 is a procedural provision regarding the separate document requirement of HRCP Rule 58 ("Every judgment shall be set forth on a separate document.") and it appears to relate solely to the expedition of the court's business. "The separate document provision was copied from a similar provision in the Federal Rules of Civil Procedure. *Its sole purpose is to determine when the time for appeal commences." Jenkins v. Cades Schutte Fleming & Wright,* 76 Hawai'i 115, 118, 869 P.2d 1334, 1337 (1994) (emphasis added). A late submission of a proposed judgment by a party would not contravene the purpose behind the separate document requirement because the time for appeal

would not commence until the judgment is entered.

The Director also points out the irony of Rhoads's argument:

> [I]f Appellant is correct and the August 8, 2001 Judgment is void, then this appeal must be dismissed for lack of appellate jurisdiction. *Jenkins v. Cades Schutte Fleming & Wright,* 76 Hawai'i 115, 119–120, 869 P.2d 1334, 1338–39 (1994). Appellant would then be in a worse position than he is in now: there would be an order resolving all the claims of all the parties in favor of the Director and against Appellant, but no judgment to appeal from.

Here, the Tax Appeals Court granted the Director's Motion for Summary Judgment at a hearing held on April 2, 2001, and entered the Order Granting the Director's Motion for Summary Judgment on June 21, 2001. Rhoads was afforded the opportunity to file his Notice of Objection to Proposed Judgment, which he did on August 8, 2001. On that same day, the Tax Appeal Court entered Judgment in favor of the Director and against Appellant. RCCH Rule 23, as merely a procedural provision, clearly did not prejudice Rhoads's right to appeal.

Moreover, RCCH Rule 23 is worded plainly. It does not state that a decision or order is void if the judgment is not filed within ten days. Thus, the decision of the Tax Appeals Court and the August 8, 2001 Judgment are valid. Accordingly, Rhoads's first argument is clearly without merit.

B. *The Tax Appeal Court Did Not Err by Not Allowing Rhoads to Present Oral Testimony.*

Rhoads had an adequate opportunity to present his case in opposition to the Director's motion to dismiss or, in the alternative, for summary judgment. Rhoads fails to show how the Tax Appeal Court abused its discretion in refusing to hear oral testimony by Rhoads.

■ HRCP Rule 56 governs summary judgment procedures and allows a party opposing a summary judgment motion to "file and serve opposing memorandum and/or affidavits not less than 8 days before the date set for the hearing." HRCP Rule 56(c). Oral evidence is allowed on a motion for summary judgment under HRCP Rule 43(e) (1990).[2,3] *See Miller v. Manuel,* 9 Haw.App. 56, 65 n. 10, 828 P.2d 286, 292 n. 10 (1991), *cert. denied,* 72 Haw. 618, 841 P.2d 1075 (1992). As the wording of Rule 43(e) suggests, it is within the trial court's discretion to hear oral testimony on a motion for summary judgment. Other jurisdictions have held similarly with respect to oral argument on summary judgment motions. *See, e.g. Thompson v. Mahre,* 110 F.3d 716 (9th Cir. 1997) (holding that courts may in their discretion take oral testimony under Federal Rule of Civil Procedure 43(e) on a summary judgment motion); *Middaugh v. Montgomery,* 621 So.2d 275, 279–80 (Ala.1993) ("Although Rule 56(c), A.R.Civ.P., contemplates that evidence presented at a summary judgment hearing will be written, Rule 43(e) permits the trial court discretion to hear oral testimony at a hearing on a motion"); *Occidental Realty Co., v. General Ins. Co. of Am.,* 301 A.2d 66 (D.C.1973) (holding that the court has discretion to hear oral testimony on a motion for summary judgment).

■ Oral testimony should be used "sparingly and with great care":

> [Federal Rules of Civil Procedure (FRCP)] Rule 43(e), which authorizes the use of oral testimony on motions, has been held applicable to motions for summary judgment, even though [FRCP] Rule 56 is silent on the point. In spite of obvious advantages, *the court should use oral testimony on a summary-judgment motion sparingly and with great care.* The purpose of summary judgment—providing a speedy adjudication in cases that present no genuine issue of material fact—would be compromised if the hearing permitted

---

2.  HRCP Rule 43(e) (1990) states:
    **Evidence on Motions.** When a motion is based on facts not appearing of record the court may hear the matter on affidavits presented by the respective parties, but the court may direct that the matter be heard wholly or partly on oral testimony or depositions.

3.  HRCP Rule 43(e) (2000) is identical to the 1990 provision.

by [FRCP] Rule 43(e) and [FRCP] Rule 56(c) became a preliminary trial. Furthermore, oral testimony might come as a surprise to the other litigants and therefore they might not have had an opportunity to prepare themselves to rebut that type of evidence.

10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2723 at 386–87 (1998) (emphasis added).

[redacted] Moreover, absent an offer of proof at the hearing, a reviewing court is unable to determine if the Tax Appeal Court abused its discretion. *See Territory v. Branco,* 42 Haw. 304, 313 (1958) ("[I]f the significance of the excluded evidence is not obvious, it must be brought to the attention of the court and an offer of proof made in order to preserve the question for appeal.").

[redacted] Here, Rhoads had adequate opportunity to challenge and oppose the Director's motion to dismiss or, in the alternative, for summary judgment. Rhoads filed an objection to the Department's motion and was also permitted to file written arguments and an affidavit in support of his arguments in opposition to the Director's motion. Thus, given that Rhoads failed to present an offer of proof and he was provided with an adequate opportunity to oppose the summary judgment motion, Rhoads's oral testimony was not necessary. Indeed, allowing Rhoads to present oral testimony on the motion for summary judgment "might come as a surprise to the [Director] and therefore [the Director] might not have had an opportunity to prepare [herself] to rebut that type of evidence." *See* 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2723 at 387. Accordingly, Rhoads's second argument fails.

C. *The Director is Entitled to Judgment as a Matter of Law.*

[redacted] Rhoads's final argument [4] is that he has no taxable income because he is not an "employee" as defined in 26 U.S.C. § 3401 (§ 3401).[5] Rhoads interprets the term "employee" as officers and employees of the federal and State governments. According to Rhoads, although he was employed by the State of Hawai'i as a teacher, he is not an "employee" because Hawai'i is not a "State" as defined by the IRC.[6,7]

Rhoads attempts to justify the proposition that Hawai'i is not a "State" by citing the United States Supreme Court case of *United States v. Lopez,* 514 U.S. 549, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995), where the Court held that the Gun-Free School Zones Act, which

4. Rhoads also alleges that the Tax Appeal Court erred by not interpreting ambiguities in the taxing statutes in favor of the taxpayer. Although Rhoads cites to voluminous case law, he does not explain what "ambiguities" the Tax Appeal Court should have interpreted and resolved in favor of the taxpayer.

5. 26 U.S.C. § 3401 states in relevant part:
*Definitions*
(a) Wages.—For purposes of this chapter, the term "wages" means all remuneration (other than fees paid to a public official) for services performed by an employee for his employer, including the cash value of all remuneration (including benefits) paid in any medium other than cash
. . .
(c) Employee.—For purposes of this chapter, the term "employee" includes an officer, employee, or elected official of the United States, a State, or any political subdivision thereof, or the District of Columbia, or any agency or instrumentality of any one or more of the foregoing. The term "employee" also includes an officer of a corporation.

6. Pursuant to HRS § 231-20 (1993), "the notices of assessments ... prepared by or under the authority of the department, or copies thereof, shall be prima facie proof of the assessment of the property or the person assessed, the amount due and unpaid, and the delinquency in payment, and that all requirements of law in relation thereto have been complied with." Thus, Rhoads has the burden of overcoming the presumption of the validity of the Director's assessments. Because Rhoads does not dispute the amount of the assessment as determined by the Director in the Notices of Assessment, his attempt to meet the burden of proof is based *solely* on the argument that the amounts he received as remuneration or compensation for teaching are not "gross income."

7. The Director notes that an individual need not be an "employee" to have Hawai'i income subject to tax. The Director offers the example of an independent contractor performing work in Hawai'i: amounts received by the independent contractor would be generally subject to Hawai'i income tax.

criminalized the knowing possession of a firearm in a place a person knows or has reasonable cause to believe is a school zone, was unconstitutional. At issue was whether Alfonso Lopez, a Texas twelfth grader, could be prosecuted under this federal statute for carrying a concealed handgun into his high school. Rhoads argues, "In the simple act of choosing to hear *Lopez*, the Supreme Court made it obvious that Texas could not possibly be included in the 18 U.S.C. § 921(a)(2) definition of 'State,' for if it were, attempts to obtain jurisdiction under the Commerce Clause would have been unnecessary." Rhoads compares the definition of "State," as it is found in the Gun–Free School Zones Act, to the definition of "State" in the IRC,[8] concluding that the United States Supreme Court interpreted "State" as not including Texas; thus, Hawai'i is also not a "State" for purposes of the IRC.

The *Lopez* Court, of course, did not interpret "State" as not to include Texas, but rather recognized Texas as a "State" unequivocally by its holding. The *Lopez* Court held that the Act exceeded Congress's commerce clause authority because possession of gun in a school zone is not an economic activity that substantially affects interstate commerce. *See Lopez*, 514 U.S. at 561–65, 115 S.Ct. 1624. The Court explained that police powers regulating such activity were reserved for the *States*, which, by the nature of the Court's discussion and the issues it considered *sub judice*, included all the States of the Union, including Texas. *See id.* at 561, 115 S.Ct. 1624.

Rhoads simply misinterprets the definition of "State," as defined in the IRC and the now-defunct Gun–Free School Zones Act. As this court has stated, "Words are given their common meaning unless some wording in the statute requires a different interpretation."

*Keliipuleole v. Wilson*, 85 Hawai'i 217, 221, 941 P.2d 300, 304 (1997) (internal quotation signals and citation omitted). Contrary to Rhoads's position, the fact that the commonwealths of the United States are listed as also constituting "States" under the IRC does not mean that Hawai'i, Texas, or any of the fifty States are not considered "States" under the IRC as well. Our discussion in *Keliipuleole* explains this point best: "[A] rational, sensible and practicable interpretation of a statute is preferred to one which is unreasonable or impracticable because the legislature is presumed not to intend an absurd result, and legislation will be construed to avoid, if possible, inconsistency, contradiction, and illogicality." 85 Hawai'i at 221–22, 941 P.2d 300 (internal quotation signals, brackets, and citations omitted). Rhoads's strained attempt to define the word "State" as anything other than its common meaning is totally without merit.

D. *Rhoads's Appeal Is Frivolous.*

■ The Director argues Rhoads's appeal is frivolous and moves for sanctions, including attorneys' fees and costs, pursuant to HRAP Rule 38 (2000).[9] We agree and hold that the Director is entitled to HRAP Rule 38 relief.

Under HRAP Rule 38, the court may award sanctions in one of two ways. The court can, *sua sponte*, determine an appeal to be frivolous; give notice to the parties and allow them the opportunity to respond; and if the court decides is appropriate, award sanctions. Alternatively, a party may move for sanctions by way of a separately filed motion, giving the opposing side the opportunity to respond. The court, upon reviewing the arguments of the parties, can then decide the issue of frivolousness and award sanctions accordingly.

---

8. Under the Gun–Free School Zones Act, "The term 'State' includes the District of Columbia, the Commonwealth of Puerto Rico, and the possessions of the United States (not including the Canal Zone)." 18 U.S.C. § 921(a)(2).

Under the Internal Revenue Code, "the term 'State' includes the District of Columbia, the Commonwealth of Puerto Rico, the Virgin Islands, the Territories of Alaska and Hawai'i before their admission as States, and (when used with respect to services performed after 1960)

Guam and American Samoa." 26 C.F.R. § 31.3121(e)–1.

9. HRAP Rule 38 (2000) states, "If a Hawai'i appellate court determines that an appeal decided by it was frivolous, it may, after a separately filed motion or notice from the appellate court and reasonable opportunity to respond, award damages, including reasonable attorney's fees and costs, to the appellee."

414

In this case, the court is not determining, *sua sponte*, that Rhoads's appeal is frivolous. Instead, the Director formally moved for sanctions in her answering brief and Rhoads properly responded to the motion in his reply brief. Thus, the "notice" and "opportunity to respond" requirements of HRAP Rule 38 have been met and this court may determine the propriety of an award of sanctions.

This court has not entertained the issue of sanctioning tax protestors for frivolous appeals; however other jurisdictions provide guidance. The Seventh Circuit has stated:

> The doors of this courthouse are of course open to good faith appeals of what are honestly thought to be errors of the lower courts. But we can no longer tolerate abuse of the judicial review process by irresponsible taxpayers who press stale and frivolous arguments, without hope of success on the merits, in order to delay or harass the collection of public revenues or for other nonworthy purposes.

*Kile*, 739 F.2d at 269. The Fifth Circuit held similarly in *Crain*:

> We are sensitive to the need for the courts to remain open to all who seek in good faith to invoke the protection of law. An appeal that lacks merit is not always—or often—frivolous. However, we are not obliged to suffer in silence the filing of baseless, insupportable appeals presenting no colorable claims of error and designed only to delay, obstruct, or incapacitate the operations of the courts or any other governmental authority.... [Crain's appeal] is a hodgepodge of unsupported assertions, irrelevant platitudes, and legalistic gibberish. *The government should not have been put to the trouble of responding to such spurious arguments, nor this court to the trouble of "adjudicating" this meritless appeal.*

737 F.2d at 1418 (emphasis added).

Relatedly, this court has recognized and articulated the policies behind awarding attorney's fees:

> Awards of attorneys' fees induce people to reconsider and ensure that refusals to surrender do not burden the innocent. They also protect the courts—and derivatively parties in other cases—from impositions

on their time.... The court has an interest in the orderly conduct of business, an interest independent of the [opposing party]....

*Abastillas v. Kekona*, 87 Hawai'i 446, 449, 958 P.2d 1136, 1139 (1998) (citing *Weinstein v. University of Illinois*, 811 F.2d 1091, 1098 (7th Cir.1987) (citation omitted)).

■ "For an assignment of error to be frivolous it must be *manifestly and palpably without merit.*" *Canalez v. Bob's Appliance Service Center*, 89 Hawai'i 292, 300, 972 P.2d 295, 303 (1999) (emphasis added) (brackets, citation, and internal quotation signals omitted). This court has defined a frivolous claim as one "so manifestly and palpably without merit ... as to indicate bad faith on the pleader's part such that argument to the court was not required." *Coll v. McCarthy*, 72 Haw. 20, 29, 804 P.2d 881, 887 (1991) (citation, internal quotation signals, and brackets omitted). HRAP Rule 38 sanctions have been imposed in past cases where the "appellant has engaged in a pattern of frivolous and vexatious litigation," *Abastillas*, 87 Hawai'i at 449, 958 P.2d at 1139, or where appellant has continued to acknowledge controlling authority contrary to her assertions, *see Gold v. Harrison*, 88 Hawai'i 94, 962 P.2d 353 (1998), *cert. denied*, 526 U.S. 1018, 119 S.Ct. 1254, 143 L.Ed.2d 351 (1999).

Rhoads's arguments are "manifestly and palpably without merit" and thus his appeal is "frivolous" in the context of HRAP 38. Aside from the procedural arguments Rhoads makes to challenge the Tax Appeal Court's judgment, Rhoads's sole argument is that he is not an "employee" as defined by the taxing statutes. He supports this theory by arguing that the State of Hawai'i is not a "State." These arguments are clearly "manifestly and palpably without merit."

This court's award of sanctions in other cases support an award of sanctions in Rhoads's case. *See Gold*, 88 Hawai'i 94, 962 P.2d 353 (attorneys' fees and costs awarded against plaintiff-appellants, pursuant to HRAP Rule 38, for frivolous appeal challenging motions for summary judgment ruled in favor of defendant-appellees); *Abastillas*, 87 Hawai'i 446, 958 P.2d 1136 (attorney fees and

costs awarded against a party appealing from an adverse judgment in a frivolous lawsuit, where the unsuccessful litigant demonstrated a pattern of frivolous and vexatious litigation).

Moreover, other courts have sanctioned tax protestors accordingly. *See Crain*, 737 F.2d 1417; *Kile*, 739 F.2d 265. *See also In re Hicks*, 241 B.R. 456 (D.Ariz.1999); *Berry v. Ketchikan Public Utilities*, 727 P.2d 762 (Alaska 1986); *Clark v. Department of Revenue*, 332 Or. 236, 26 P.3d 821 (2001).

The federal courts are in accord. In *Kile*, the Seventh Circuit addressed three different tax cases, concluding in all three that sanctions were proper. The first of these cases, *Granzow v. Commissioner*, is most similar to Rhoads's case. The *Granzow* case involved a taxpayer who argued that wages are not taxable. *See Kile*, 739 F.2d at 267. This taxpayer also argued that he was not an employee, resident of a state, or citizen of the United States. *See id.* at 267 n. 1. After explaining that wages constitute gross income for taxing purposes and that the Tax Court has the authority to assess damages against taxpayers for frivolous or groundless proceedings, the Seventh Circuit concluded:

> *Taxpayers here had no reasonable basis to believe that wages were not properly subject to income taxes given the universal and longstanding rejection of this argument.* Moreover, they had ample warning that a frivolous petition such as theirs would likely result in the exercise of the Tax Court's statutory authority to assess damages.

*Kile*, 739 F.2d at 268 (emphasis added).

Similarly, in *Crain*, the Fifth Circuit addressed a taxpayer's challenges to income taxes assessed against him:

> Crain asserts that he "is not subject to the jurisdiction, taxation, nor regulation of the state," that the "Internal Revenue Service, Incorporated" lacks authority to exercise the judicial power of the United States, that the Tax Court is unconstitutionally attempting to exercise Article III powers, and that jurisdiction over his person has never been affirmatively proven.

737 F.2d at 1417. As noted above, the Fifth Circuit refused to refute these arguments in detail for fear of suggesting these arguments had some "colorable merit," and instead imposed sanctions against Crain. *See id.* The *Crain* court quoted its earlier decision in *Parker v. Commissioner of Internal Revenue*, 724 F.2d 469, 472 (5th Cir.1984), where the court sounded "a cautionary note to those who would persistently raise arguments against the income tax which have been put to rest for years. The full range of sanctions in Rule 38 hereafter shall be summoned in response to a totally frivolous appeal." *Crain*, 737 F.2d at 1418.

From a policy perspective, Rhoads's case embodies the reasons why sanctions are appropriate in tax protester cases, specifically the extreme and unnecessary burden placed on the state when it is forced to defend against such cases. Rhoads originally attempted to recover all of the taxes withheld by filing an amended 1997 tax return and a 1998 tax return, claiming "$0.00" in gross income. After appropriate investigation, the Director mailed final notices of assessment, explaining that Rhoads was liable for all applicable Hawai'i state income taxes despite Rhoads's attempts to report "$0.00" of taxable income. Rhoads then "called a meeting with Department employees involved with the assessments in order to understand how the assessments were made." Dissatisfied with the Department's explanations, Rhoads filed a Notice of Appeal to the Tax Appeal Court and advanced his legal theories as to why he was not liable for Hawai'i state income taxes. After losing that battle, he continued to press the issue by filing an appeal to this court. The Department of Taxation has wasted large amounts of time and ironically, taxpayer money, to defend itself from a series of meritless attacks.

As the Director poignantly points out:

> The federal courts have recognized that asserting tax protestor arguments, similar to those asserted here, does not come without a price: "Like moths to a flame, some people find themselves irresistibly drawn to the tax protestor movement's illusory claim that there is no legal requirement to

pay federal income tax. And, like moths, these people sometimes get burned."

(citing *United States v. Sloan*, 939 F.2d 499, 499–500 (7th Cir., 1991) (affirming conviction of three counts of tax evasion), *cert. denied*, 502 U.S. 1060, 112 S.Ct. 940, 117 L.Ed.2d 110 (1992)).

### IV.  *CONCLUSION*

For the foregoing reasons, we affirm the Tax Appeal Court's judgment in favor of the Director of Taxation, State of Hawai'i. Additionally, we hold that this appeal is frivolous and grant the Director's request for sanctions in the amount of attorneys' fees and costs on appeal pursuant to HRAP Rule 38.[10]

---

**10.** The court will await a request and declaration of counsel to determine the reasonable amount of attorneys' fees and costs on appeal.