116 P.3d 711

**In the Matter of the Tax Appeal of Donald A. LEWIS, Appellant–Appellant,**

v.

**Kurt KAWAFUCHI, Director of Department of Taxation, State of Hawai'i, Appellee–Appellee.**

**No. 26431.**

Intermediate Court of Appeals of Hawai'i.

June 20, 2005.

Certiorari Granted July 26, 2005.

---

Donald A. Lewis, on the briefs, Pro Se Appellant–Appellant.

Hugh R. Jones and Nathan S.C. Chee, Deputy Attorneys General, on the briefs, for Appellee–Appellee Director of Department of Taxation, State of Hawaiʻi.

LIM and FUJISE, JJ.; with WATANABE, Acting C.J., Concurring Separately.

Opinion of the Court by FUJISE, J.

Appellant–Appellant Donald A. Lewis (Lewis) appeals the "Order Granting in Part and Denying in Part Director of Taxation, State of Hawaii's Motion to Dismiss and for Rule 11 Sanctions Filed on October 6, 2003" and the "Order Denying Taxpayer/Appellant Donald A. Lewis' [sic] Supplemental Motion and Memo filed on November 14, 2003," both filed by the Tax Appeals Court (TAC)[1] on February 4, 2004.  We affirm.

I.

In January 1996, Lewis started Perfect Title Company.  Lewis maintained that his company conducted its business, performing title searches on property, within the Hawaiian Islands and within the sovereign territory of the Kingdom of Hawaiʻi and thus claimed that he earned no income within the boundaries of the State of Hawaiʻi (State).

1.  The Honorable Gary W.B. Chang presided.

The Department of Taxation (DOT) disagreed, and assessed Lewis, for the 1996 tax year, the amount of $10,923.52 in income tax, penalty, and interest. On February 3, 2003, Lewis contested this assessment before the Board of Review, First Taxation District, repeating his claim that he earned no income within the State and advancing the additional claim that the State had no ability to tax him because the island of O'ahu, where his company conducted all of its business, was not included within the boundaries of the State. The Board of Review rejected Lewis's claims and Lewis appealed that decision to the TAC on September 16, 2003.

In his appeal to the TAC, Lewis repeated his claims and requested that the TAC take judicial notice that the island of O'ahu is not within the State and the State had no ability to tax outside of its territorial limits. The Director of Taxation, State of Hawai'i (Director) moved to dismiss Lewis's appeal before the TAC and for Hawai'i Rules of Civil Procedure (HRCP) Rule 11 sanctions for filing a frivolous appeal (Director's Motion).

The Director argued [2] that the TAC lacked subject matter jurisdiction, because under Hawaii Revised Statutes (HRS) § 235–114 (2001),[3] a taxpayer who appeals to the TAC must file a written notice of appeal and pay the assessed tax.[4] Finally, the Director requested sanctions against Lewis, arguing that the latter's appeal was "palpably frivolous."

On February 4, 2004, the court filed an "Order Granting in Part and Denying in Part Director of Taxation, State of Hawaii's Motion to Dismiss and for Rule 11 Sanctions Filed on October 6, 2003," dismissing Lewis's appeal but denying the Director's request for sanctions. On the same day, the court entered its "Order Denying Taxpayer/Appellant Donald A. Lewis' [sic] Supplemental Motion and Memo filed on November 14, 2003." No separate judgment was filed after these decisions.

Lewis noted his appeal from both orders by notice of appeal filed on March 3, 2003.

**2.** The Director of Taxation, State of Hawai'i (Director) also argued that Donald A. Lewis's (Lewis) appeal should be dismissed because it failed to state a claim and did not challenge the computation of taxes.

**3.** Hawaii Revised Statutes (HRS) § 235–114 (2001) states in relevant part:

> **Appeals.** Any person aggrieved by any assessment of the tax or liability imposed by this chapter may appeal from the assessment in the manner and within the time hereinafter set forth. Appeal may be made either to the district board of review or to the tax appeal court; provided that, for appeals other than to the board, the tax so assessed shall have been paid. Either the taxpayer or the assessor may appeal to the tax court from a decision by the board upon which the tax so assessed shall have been paid. If the taxpayer chose not to pay the tax when appealing to the board, and the decision by the board is appealed by the taxpayer or the decision by the board in favor of the department is not appealed, the taxpayer must pay the tax so assessed plus interest as provided in section 231–39(b)(4).
>
> . . . .
>
> The tax appeal court may allow an individual taxpayer to file an appeal without payment of the net income tax in cases where the total tax liability does not exceed $50,000 in the aggregate for all tax years, upon proof that the taxpayer would be irreparably injured by payment of the tax.

HRS § 235–114 was amended in 2004 by Act 123 to allow a first appeal by a taxpayer without paying the assessed tax first. Lewis himself first appealed to the Board of Review before appealing to the Tax Appeal Court (TAC), making this change inapplicable to his appeal to the TAC:

> Either the taxpayer or the assessor may appeal to the tax appeal court from a decision by the board or to an appellate court from a decision by the tax appeal court; provided that if the decision by the board or the tax appeal court is appealed by the taxpayer, or the decision by the board in favor of the department is not appealed, the taxpayer shall pay the tax so assessed plus interest as provided in section 231–39(b)(4).

The change in the law has no retroactive application as Section 14 of Act 123 states, "This Act shall take effect on July 1, 2004 and shall apply to tax appeals filed on or after July 1, 2004." HRS § 235–114 (Supp.2004). As stated above, Lewis filed his appeal to the TAC on September 16, 2003. He did not invoke the irreparable injury exception to prepayment requirement.

**4.** The Director submitted an affidavit by one of his auditors attesting that the Department of Taxation maintained an electronic database in which tax payments are regularly recorded and preserved and that after a diligent search, he found no "entry indicating a payment of the Tax Assessment." Lewis did not contest this assertion below.

## II.

*The Order Dismissing Lewis's Appeal Was Final and Did Not Require a Separately Filed Judgment.*

Before addressing the substance of Lewis's appeal, we must determine whether we have jurisdiction. *BDM, Inc. v. Sageco, Inc.*, 57 Haw. 73, 74, 549 P.2d 1147, 1148 (1976). This is a question of law and, as such, is reviewed *de novo* under the right/wrong standard. *CRSC, Inc. v. Sage Diamond Co.*, 95 Hawai'i 301, 304, 22 P.3d 97, 100 (App. 2001).

In 1990, HRCP Rule 58, governing the "Entry of judgment," was amended,[5] adding the requirement that "[e]very judgment shall be set forth on a separate document." In 1994, the Hawai'i Supreme Court took the opportunity,[6] in *Jenkins v. Cades Schutte Fleming & Wright,* 76 Hawai'i 115, 869 P.2d 1334 (1994), to make clear that the entry of a separate final judgment was a prerequisite for an appeal: "An appeal may be taken from circuit court orders resolving claims against parties only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP 58...." [7] This requirement was "designed to simplify and make certain the matter of appealability," *Jenkins,* 76 Hawai'i at 118, 869 P.2d at 1337, and although the Hawai'i Supreme Court realized parties may waive the separate judgment requirement in federal courts, *see Bankers Trust Co. v. Mallis,* 435 U.S. 381, 384, 98 S.Ct. 1117, 1119, 55 L.Ed.2d 357 (1978), it decided against allowing such a waiver in state courts. *Jenkins,* 76 Hawai'i at 118–19, 869 P.2d at 1337–38. The court noted, in particular, the need to avoid piecemeal appeals and to establish the means of determining appealability on the face of the judgment as bases for its decision. *Id.* The Hawai'i Supreme Court reaffirmed this requirement in *Price v. Obayashi Hawaii Corp.,* 81 Hawai'i 171, 914 P.2d 1364 (1996), where the court held the absence of a separate judgment filed subsequent to the effective date of the notice of proposed dismissal ignored the "strict requirements of HRCP 58." *Id.* at 176, 914 P.2d at 1369.

Thus, had this case arisen from a dismissal by the circuit court, we would dis-

---

5. Rule 58, Hawai'i Rules of Civil Procedure (HRCP), then as now, provides:

   Unless the court otherwise directs and subject to the provisions of Rule 54(b), judgment upon the verdict of a jury shall be entered forthwith by the clerk; but the court shall direct the appropriate judgment to be entered upon a special verdict or upon a general verdict accompanied by answers to interrogatories returned by a jury pursuant to Rule 49. When the court directs that a party recover only money or costs or that all relief be denied, the clerk shall enter judgment forthwith upon receipt by him of the direction; but when the court directs entry of judgment for other relief, the judge shall promptly settle or approve the form of the judgment and direct that it be entered by the clerk. The filing of the judgment in the office of the clerk constitutes the entry of the judgment; and the judgment is not effective before such entry. The entry of the judgment shall not be delayed for the taxing of costs. Every judgment shall be set forth on a separate document.

6. In *Jenkins v. Cades Schutte Fleming & Wright,* 76 Hawai'i 115, 869 P.2d 1334 (1994), the orders appealed from did not dispose of all claims nor did they enter judgment for or against any party. Thus, they were not final orders and were not appealable. *Id.* at 117–18, 869 P.2d at 1336–37.

7. The court went on to provide:

   (2) if a judgment purports to be the final judgment in a case involving multiple claims or multiple parties, the judgment (a) must specifically identify the party or parties for and against whom the judgment is entered, and (b) must (i) identify the claims for which it is entered, and (ii) dismiss any claims not specifically identified; (3) if the judgment resolves fewer than all claims against all parties, or reserves any claim for later action by the court, an appeal may be taken only if the judgment contains the language necessary for certification under HRCP 54(b); and (4) an appeal from any judgment will be dismissed as premature if the judgment does not, *on its face,* either resolve all claims against all parties or contain the finding necessary for certification under HRCP 54(b).

   *Jenkins,* 76 Hawai'i at 119, 869 P.2d at 1338 (emphasis in original). The court announced strict compliance with this holding would be required for appeals filed in the circuit courts after March 31, 1994. *Id.* See also, *Price v. Obayashi Hawaii Corp.,* 81 Hawai'i 171, 914 P.2d 1364 (1996) (lack of final judgment after dismissal of the case was forgiven where the notice of appeal was filed prior to the effective date of *Jenkins* ).

miss for want of jurisdiction as being premature.

However, tax appeals are not appeals from the circuit court but are governed by their own specific statutes and rules. Although a circuit court judge is designated to preside, the TAC is a court separate from the circuit courts of this state. HRS § 232-8 (2001). It is a statewide court of limited jurisdiction, hearing and deciding, without a jury, direct appeals from tax assessors' assessments or decisions made by the Board of Review in the applicable district,[8] and has "all the powers and authority of a circuit court" in carrying out its duties and functions. HRS § 232-12 (2001).

■ More importantly, the procedures for tax appeals are set out by statute and specifically provide the steps to be taken in appeals from assessors, appeals from boards of review, and appeals from the TAC. In the case of appeals from the TAC,

> Any taxpayer or county aggrieved or the assessor *may appeal to the supreme court from the decision of the tax appeal court by filing a written notice of appeal* with the tax appeal court and depositing therewith the costs of appeal *within thirty days after the filing of the decision.* The appeal shall be considered and treated for all purposes as a general appeal and shall bring up for determination all questions of fact and all questions of law, including constitutional questions, involved in the appeal. A notice of appeal may be amended at any time up to the final determination of

the tax liability by the last court which [sic] an appeal may be taken. *The supreme court shall enter a judgment in conformity with its opinion or decision.*

> All such appeals shall be speedily disposed of and in the hearing and disposition thereof the same shall be given preference over other litigation in the discretion of the court.

HRS § 232-19 (2001) (emphasis supplied). Thus, either taxpayer or assessor may appeal from the *decision* of the TAC to the supreme court[9] and the supreme court must enter a judgment only after rendering its "opinion or decision" when all appeals are done. *Id.* The tax appeals chapter does not mandate the entry of a judgment in any other situation.

■ Moreover, appeals before the TAC are more specifically governed by the Rules of the Tax Appeal Court (RTAC) and resort to the Rules of the Circuit Courts of the State of Hawai'i or the HRCP is necessary only in procedural matters not specifically provided for in the RTAC. RTAC Rule 29. Consistent with HRS § 232-19, RTAC Rule 2(a)(4) states in part (emphasis supplied), "[a]n appeal to the Supreme Court and the Intermediate Court of Appeals *from any decision* of the Tax Appeal Court in these actions must be filed within 30 days after the filing of such *decision.*" Under the plain language of the statutes and rules governing TAC appeals then, no separate judgment is required and appeals must be noted within 30 days of a TAC decision.[10]

---

8. HRS § 232-11 (2001) reads:
   The tax appeal court shall hear and determine appeals as provided in section 232-16 or 232-17. It shall be a court of record; have jurisdiction throughout the State with respect to matters within its jurisdiction; and shall have the power and authority in the manner provided in section 232-13, to decide all questions of fact and all questions of law, including constitutional questions, involved in any such matters, without the intervention of a jury. The court may meet at such times during the year and at such places from time to time as shall be deemed advisable to carry out its work. The court, with the approval of the supreme court, shall adopt and use, and with such approval may change from time to time, an official seal.

9. As of July 1, 2006 appeals will be taken to, and judgments will be entered by, the Intermediate

Court of Appeals. HRS § 232-19 (2004). In all other respects, the language of the statute remains the same.

10. *Rhoads v. Okamura,* 98 Hawai'i 407, 410, 49 P.3d 373, 376 (2002), is not to the contrary. In that case, the Hawai'i Supreme Court was not asked to decide whether a separate judgment by the TAC was necessary because a judgment had been filed, nor apparently, was the court asked to rule on the application of the statutes or rules governing procedure in the TAC. Rather, the only issue raised was whether the judgment was void as the Director failed to submit the proposed judgment within ten days of the order granting his motion for summary judgment as required by Rules of the Circuit Courts of the State of Hawai'i Rule 23.

There is also good reason not to impose the separate judgment requirement in appeals from the TAC. While the separate judgment rule of *Jenkins* and HRCP Rule 58 is designed to "make certain the matter of appealability" in potentially complex civil matters, the final decision of the TAC in a tax appeal, standing alone, is clearly ascertainable: Either the taxpayer owes—or does not owe—the tax in a particular amount. This case presents a typical example of this situation: The parties each brought dispositive motions and the TAC decided both motions in separate, written orders, which, on their face, finally decided both motions. A separately filed judgment would add no clarity to this situation.

Consequently, we hold that a separately filed judgment was not required as a prerequisite to an appeal to this court and we have jurisdiction to consider Lewis's appeal from the February 4, 2004 decisions of the TAC.

*The TAC Properly Dismissed Lewis's Appeal Because He Failed to Pay the Contested Tax as Required by HRS § 235–114.*

■ Where the facts are undisputed and the "sole question is one of law, we review the decision of the Tax Appeal Court under the right/wrong standard." *Rhoads v. Okamura,* 98 Hawai'i 407, 410, 49 P.3d 373, 376 (2002) (quoting *Kamikawa v. Lynden Air Freight Inc.,* 89 Hawai'i 51, 54, 968 P.2d 653, 656 (1998)).

■ Lewis's brief does not comply with Hawai'i Rules of Appellate Procedure (HRAP) Rule 28(b) in almost every respect— including the failure to present a points on appeal section as required by HRAP Rule 28(b)(4)—and for this reason alone this court could refuse to consider his appeal as a sanction for his noncompliance. HRAP Rule 28(b)(4) ("Points not presented in accordance with this section will be disregarded, except that the appellate court, at its option, may notice a plain error not presented."). *See also, Housing Finance and Development Corp. v. Ferguson,* 91 Hawai'i 81, 85–86, 979 P.2d 1107, 1111–1112 (1999). However, as the Hawai'i Supreme Court "has consistently adhered to the policy of affording litigants the opportunity to have their cases heard on the merits, where possible," *Bettencourt v. Bettencourt,* 80 Hawai'i 225, 230, 909 P.2d 553, 558 (1995) (citation and internal quotations omitted), we will consider Lewis's appeal on the merits.

■ Notwithstanding deficiencies as to form, Lewis's brief fails to show how the TAC erred in dismissing his appeal. While the TAC did not specify the basis for dismissal in its Order Granting in Part and Denying in Part Director of Taxation, State of Hawaii's Motion to Dismiss and for Rule 11 Sanctions filed on October 6, 2003, it did state that it considered the Director's Motion in reaching its decision. The Director's Motion presented two bases for dismissal: (1) that the TAC lacked jurisdiction as Lewis failed to pay the assessed tax as required by HRS § 235–114 and (2) that Lewis failed to state a claim (the DOT's alleged lack of jurisdiction over Oahu) for which relief could be granted. The former is dispositive of Lewis's appeal.

Section 235–114,[11] HRS, requires that any tax assessment "shall" be paid before an appeal can be taken from the Board of Review to the TAC. In the instant case, Lewis has not claimed that he has complied with this prepayment requirement nor did he claim he would be irreparably injured by having to pay the tax. Moreover, the Director proved the nonpayment to the satisfaction of the TAC.

Lewis did not contest the validity of this requirement below, nor does he challenge it on appeal. In any event, the Hawai'i Supreme Court has long ago decided that this is a permissible condition of a tax appeal. *In re Simpson Manor, Inc.,* 57 Haw. 1, 548 P.2d 246 (1976) (appeal from a general excise tax assessment).

## III.

### CONCLUSION

Because Lewis failed to pay the assessed tax prior to appealing to the Tax Appeal

---

11. This section was amended in 2004. However, that amendment does not affect Lewis's appeal.

See note 3 above.

Court, we affirm the "Order Granting in Part and Denying in Part Director of Taxation, State of Hawaii's Motion to Dismiss and for Rule 11 Sanctions Filed on October 6, 2003" and the "Order Denying Taxpayer/Appellant Donald A. Lewis' [sic] Supplemental Motion and Memo filed on November 14, 2003," filed on February 4, 2004.

### Concurring Opinion by WATANABE, Acting C.J.

In light of Rules 1 [1] and 29 [2] of the Rules of the Tax Appeal Court of the State of Hawai'i, I believe that the separate judgment requirement of Hawai'i Rules of Civil Procedure (HRCP) Rule 58 may apply in some situations to Tax Appeal Court cases. *See Jenkins v. Cades Schutte Fleming & Wright,* 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994). Indeed, in *Rhoads v. Okamura,* 98 Hawai'i 407, 49 P.3d 373 (2002), the Hawai'i Supreme Court appears to have implicitly acknowledged that HRCP Rule 58 is applicable to such cases. *Id.* at 410–11, 49 P.3d at 376–77.

In this case, however, Appellant–Appellant Donald A. Lewis (Lewis) is appealing an order dismissing his appeal to the Tax Appeal Court in its entirety, for lack of subject matter jurisdiction. In *Ellis v. Crockett,* 51 Haw. 45, 451 P.2d 814, *reh'g denied,* 51 Haw. 86, 451 P.2d 814 (1969), the Hawai'i Supreme Court held that "[a]n order dismissing a complaint in its entirety is a judgment denying all relief to the plaintiff whose complaint is being dismissed[,]" and that an *"order* dismissing the entire case is in fact a *judgment "* governed by HRCP Rule 58. *Id.* at 59, 451 P.2d at 824 (emphases in original). In light of *Ellis,* the facts of which are distinguishable from *Jenkins,* I agree that we have appellate jurisdiction to consider the merits of Lewis's appeal. In all other respects, I concur with the majority's opinion.

---

1. Rule 1 of the Rules of the Tax Appeal Court of the State of Hawai'i (RTACSH) provides, in relevant part:
   **FORM AND STYLE OF PAPERS.**
   The form and style of papers filed with the court shall be in conformity with the requirements of ... the Hawai'i Revised Statutes, the *Hawai'i Rules of Civil Procedure,* and Rule 3 of the Rules of the Circuit Courts of the State of Hawai'i.
   RTACSH Rule 1 (emphasis added).

2. Rule 29 of the RTACSH provides, in relevant part, as follows:
   **GENERAL PROCEDURE.**
   *In procedural matters not specifically provided for by the foregoing rules, the court will be guided, to the extent applicable, by* the Rules of the Circuit Courts of the State of Hawai'i, and *the Hawai'i Rules of Civil Procedure.*
   RTACSH Rule 29 (emphases added).