**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000578
05-FEB-2026
08:00 AM
Dkt. 41 SO**

NO. CAAP-23-0000578

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


LONNELL REGINALD WIDEMAN, Plaintiff-Appellant, v.
HAWAII PAROLING AUTHORITY;
NEXSTAR MEDIA, INC., misidentified as KHON 2,
Defendants-Appellees


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 1CCV-21-0000419)


<u>SUMMARY DISPOSITION ORDER</u>
(By: Nakasone, Chief Judge, Leonard and McCullen, JJ.)

Self-represented Plaintiff-Appellant Lonnell Reginald Wideman (**Wideman**) appeals from the December 26, 2025 Final Judgment (**Judgment**) entered by the Circuit Court of the First Circuit (**Circuit Court**).[1] Wideman also challenges the Circuit Court's January 10, 2023 Order Granting Defendant Nexstar Media, Inc., misidentified as KHON 2's [(**Nexstar's**)] Motion to Dismiss Complaint, as Amended, or in the Alternative, for Summary Judgment on Any and All Claims Asserted against KHON 2 [Dkt. 115] filed July 8, 2022 (**Order Granting July 8, 2022 MSJ**) and the

---

[1] The Honorable Shirley M. Kawamura entered the Judgment.

October 4, 2023 Order Denying Leave to Amend and Order of Dismissal (**Order Denying Leave to Amend**).[2]

Liberally construing Wideman's opening brief, Wideman contends that the Circuit Court: (1) erred in entering the Order Granting July 8, 2022 MSJ; and (2) erred and abused its discretion in entering the Order Denying Leave to Amend.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we resolve this appeal as follows:

Wideman argues that the Circuit Court erred in granting Nexstar's July 8, 2022 Motion to Dismiss Complaint, as Amended, or in the Alternative, for Summary Judgment on Any and All Claims Asserted against KHON 2 (**July 8, 2022 MSJ**) because: (a) Nexstar was not properly named in the complaint, (b) Nexstar failed to submit its proposed order within ten days of the Circuit Court announcing its decision, (c) the Circuit Court erred in determining that Nexstar did not defame him, (d) the Circuit Court misapplied the doctrine of *res judicata*, and (e) the Circuit Court erred in its determination that Wideman's claims were time barred.

Wideman further argues that the Circuit Court abused its discretion when it denied him leave to amend the complaint because he was diligently attempting to serve Defendants and to amend his claims and there was no prior notice given of the court's intent to dismiss.

---

[2] The Honorable Jeffrey P. Crabtree entered the Order Granting July 8, 2022 MSJ and the Order Denying Leave to Amend.

If a party misnamed in a complaint is served and appears, the court has jurisdiction over the improperly named party. Kajiya v. Dep't of Water Supply, 2 Haw. App. 221, 223, 629 P.2d 635, 638 (1981) (misnaming the Board of Water Supply as the Department of Water Supply did not render the summons insufficient) (citations omitted).  Because Nexstar appeared when it filed the July 8, 2022 MSJ, the Circuit Court had jurisdiction over Nexstar and to decide the July 8, 2022 MSJ.

The fact that the order granting Nexstar's July 8, 2022 MSJ was entered more than ten days following the announcement of the Circuit Court's ruling did not void the order.  Rhoads v. Okamura, 98 Hawaiʻi 407, 410, 49 P.3d 373, 376 (2002) (recognizing that Rules of the Circuit Courts of the State of Hawaii Rule 23 is a procedural provision to expedite the court's business, and failure to submit a judgment within ten days of an order granting motion for summary judgment did not void the judgment), overruled on other grounds by Alford v. City & Cnty. of Honolulu, 109 Hawaiʻi 14, 23, 122 P.3d 809, 818 (2005).

With the July 8, 2022 MSJ, Nexstar submitted scripts of the broadcasts it ran in 2012 that mentioned Wideman.  The scripts say that Wideman's ex-wife has been missing since May 13, 2012, police were conducting an investigation into her disappearance, Wideman is not a suspect in his ex-wife's disappearance, and Wideman is cooperating with the investigation but he was arrested on a parole violation.

Wideman did not submit any opposition to the July 8, 2022 MSJ.  Wideman does not point to any fact that would establish that any of the statements Nexstar made about him in

its 2012 broadcasts were untrue. Truth is a defense to defamation. Wilson v. Freitas, 121 Hawaiʻi 120, 128, 214 P.3d 1110, 1118 (App. 2009) (citing Gonsalves v. Nissan Motor Corp. in Haw., Ltd., 100 Hawaiʻi 149, 173, 58 P.3d 1196, 1220 (2002)). We conclude that the Circuit Court did not err in determining that there was no evidence of defamation.

Res judicata, or claim preclusion, prohibits a party from relitigating a previously adjudicated cause of action. Eastern Sav. Bank, FSB v. Esteban, 129 Hawaiʻi 154, 158, 296 P.3d 1062, 1066 (2013) (citing Bremer v. Weeks, 104 Hawaiʻi 43, 54, 85 P.3d 150, 161 (2004)). "[R]es judicata precludes not only the relitigation of claims or defense that were litigated in a previous lawsuit, but also of all claims and defenses that might have been properly litigated, but were not litigated or decided." Id. at 159, 296 P.3d at 1067 (citing Restatement (Second) of Judgments, §§ 18 & 22 (A.L.I. 1982)).

In Wideman's complaint, as amended on July 18, 2022 (**Amended Complaint**), Wideman alleged that he was a Hawaiʻi State prisoner serving a life sentence with the possibility of parole. The Amended Complaint further alleged that on May 18, 2012, while on parole, Wideman was arrested for allegedly failing to notify his parole officer regarding three separate contacts he had with law enforcement between July 26, 2011, and May 18, 2012, and his parole was revoked following a July 16, 2012 parole revocation hearing. It further alleged that Nexstar wrongfully broadcasted to the public his criminal history and an allegedly unlawful parole revocation arrest.

4

Wideman made these same allegations in an April 15, 2020 complaint (**USDC Complaint**) that he filed in the United States District Court for the District of Hawaii (**District Court**), which the District Court dismissed with prejudice on May 18, 2020.

The District Court had jurisdiction to decide the claims in the April 15, 2020 Complaint, which alleged that Wideman's 2012 arrest and parole revocation deprived him of his rights under the United States and Hawaiʻi Constitutions and that media companies, including Nexstar, broadcasted allegedly defamatory information about him.  Federal law, 28 U.S.C. §§ 1331, 1367(a), grants United States District Courts original jurisdiction over all civil actions arising under the Constitution and supplemental jurisdiction over related claims. Even if the claims in the Amended Complaint differed somewhat from those in the USDC Complaint, Wideman presents no discernible argument why he would have been unable to litigate such claims in the District Court.  Therefore, we conclude that the Circuit Court did not err in dismissing the Amended Complaint based on *res judicata*.

Finally, there is no abuse of discretion when a court denies leave to amend if amendment would be futile.  <u>Off. of Hawaiian Affs. v. State</u>, 110 Hawaiʻi 338, 365, 133 P.3d 767, 794 (2006).  In light of the above, further amendment would have been futile.  Therefore, we need not reach Wideman's remaining assertions of error.

Accordingly, the Circuit Court's December 26, 2025 Judgment is affirmed.  Wideman's June 24, 2024 "Motion for an Expedited Appeal or in the Alternative for a Resolution at the Possible Earliest" is denied.

DATED:  Honolulu, Hawaiʻi, February 5, 2026.

On the briefs:

Lonnell Reginald Widemand,
Plaintiff-Appellant, pro se.

Bruce D. Voss,
John D. Ferry III,
(Lung Rose Voss & Wagnild),
for Defendant-Appellee
Nexstar Media, Inc.,
misidentified as KHON 2.

/s/ Karen T. Nakasone
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge